## Commonwealth *v.* Fulton, Appellant.

*Criminal law—Conspiracy—Evidence—Manipulation of corporations.*
    A conviction for conspiracy will be sustained where the evidence showed a long and complicated series of acts, extending over a period of years; the creation of a number of corporations, each and every one of which constantly remained under the control of the same persons; a line of transactions by which the assets real or apparent of one corporation were shifted to the treasury of the next until all of them disappeared from the view of the stockholders who had furnished the real money embraced in the transactions; and that these transactions constantly required the action and co-operation of two or more people to do the things that were done.

Argued Nov. 19, 1913. Appeal, No. 46, Oct. T., 1913, by defendant, from judgment of Q. S. Northampton Co., Sept. T., 1912, No. 114, on verdict of guilty in case of Commonwealth v. Robert N. Fulton, D. S. Null and W. S. Brenholtz. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Indictment for conspiracy. Before SCOTT, P. J.
The opinion of the Superior Court states the case.

Verdict of guilty, upon which judgment of sentence was passed.

*Errors assigned* were various instructions and rulings on evidence.

*J. W. Fox,* with him *E. J. Fox* and *George F. Coffin,* for appellant.

*Calvin F. Smith,* with him *Asher Seip,* district attorney, for appellee.

OPINION BY HEAD, J., February 20, 1914:

The appellant, with one Null, was convicted by the jury of having entered into a conspiracy with intent to cheat and defraud certain persons. When it is stated that the testimony produced on the lengthy trial covers upwards of 500 printed pages; that the charge of the learned trial judge occupies nearly forty like pages, and the specifications of error twenty-five; it will be apparent that it is impracticable to review the case with any detail. Such a review, however, in our judgment, is not at all necessary.

Although, as we have said, the assignments of error are numerous and lengthy, the real questions involved in the appeal, as stated by the able counsel for the appellant, are, (1) whether the court should not have directed the jury to find a verdict of not guilty; (2) whether any conspiracy was proven at all, and whether the court should not have instructed the jury that no conspiracy was proven; (3) whether the charge was misleading; (4) whether the charge was adequate.

By the first two questions stated there is practically raised a demurrer to the whole of the evidence. There is no new legal principle concerning the offense of conspiracy that could be discovered in the course of a detailed review of the evidence. We think it sufficient to say, that after a careful reading of it, we are convinced

it tended to establish every ingredient of the offense charged. It showed a long and complicated series of acts, extending over a period of years; the creation of a number of corporations, each and every one of which, however, constantly remained under the control of the same persons; a line of transactions by which the assets, real or apparent, of one corporation were shifted to the treasury of the next until all of them disappeared from the view of the stockholders who had furnished the real money embraced in the transactions. It exhibited the various steps that had been taken to bring about the final result; that it constantly required the action and co-operation of two or more people to do the things that were done, and it almost irresistibly led to the conclusion that this harmony of action was neither accidental nor born of ignorance of the consequences that would follow. The results that did follow seem to us, as they seemed to the jury, to have been what would naturally be expected, and the appellant has not much ground to complain that the explanation he attempted to offer of these various transactions was not accepted by the jury. In a word then, there was a case made out by the commonwealth which the learned trial judge must have necessarily submitted to the jury, and if they accepted as credible the testimony of the commonwealth's witnesses, there was no legal obstacle in the way to prevent their conclusion that the acts proven were the consequences of a combination of the appellant with others to bring about what he finally achieved.

The first eight assignments of error complain of the ruling of the learned trial judge in the admission of testimony during the trial. Everybody recognizes the general rule that in such matters much must necessraily be left to the discretion of the trial judge. If that principle be sound in the trial of any case, the necessity for it conspicuously appears in the trial of an indictment for conspiracy. If the defendants were to be tried at all, it was necessary that there should be laid before the

jury the history of all of their transactions which finally
led up to the particular results complained of in the
bill.  We cannot say, whether we examine these assign-
ments one by one or whether we view them all together,
that the learned court violated any law or rule of evi-
dence in the action which he took, and we can find in
neither of such views any such exhibition of error in the
record as would warrant us in reversing the judgment.

The remaining assignments, revolving about the third
and fourth questions involved, as we have stated them,
need only be treated in the same general way.  They
complain of a number of portions of the charge of the
learned trial judge and of the charge as a whole.  In no
place that we can discover is it indeed seriously urged
there was any misstatement of the law of conspiracy.
True it was pointed out more than once it was not
necessary for the commonwealth to establish, by direct
and positive evidence, the actual confederation in ad-
vance to do the various overt acts charged and bring
about the result complained of.  Further that such
previous confederation might be inferred from later
actions which clearly and satisfactorily warranted such
inference.  But the jury were just as frequently warned
that the mere fact the present appellant acted now
with the help of one, and again with the help of another,
would not necessarily lead to such an inference.  With
the greatest care, in protecting the legal rights of the
defendants, the jury were over and over again admon-
ished that the acts jointly done must have been of such
a character that their minds would be clearly led, be-
yond a reasonable doubt, to the conclusion that such
acts were the offspring of a previous confederation, be-
fore they would be warranted in reaching that conclu-
sion.  What further protection at the hands of the
trial judge could the defendants legally demand?  We
can only answer, that after a careful reading of the
necessarily lengthy charge, we have all agreed the case
was tried by the learned judge below with the care and

deliberation that its importance, both to the common-wealth and the defendants, required; that the defendants were denied no right guaranteed to them by the con-stitution and laws of the commonwealth; and that there is to be found, in the entire record of the trial, no such error on the part of the trial court as would justify any interference by this court with the judgment rendered. The assignments of error are overruled.

The judgment is affirmed, and it is ordered that the defendant, appellant, appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sen-tence or any part of it that had not been performed at the time that this appeal was made a supersedeas.