# Commonwealth *v.* Powell, Appellant.

*Appeals—Assignments of error — Evidence — Rule 16 of the Superior Court.*

Assignments of error as to the rulings on evidence will not be considered by the appellate court, where the assignments do not set forth questions or offers, the ruling of the court thereon and the testimony or evidence admitted, if any, together with a reference to the page of the paper-book where the matter may be found.

*Criminal law—Bill of particulars—Discretion of court.*

In a criminal case an application for a bill of particulars is addressed to the sound discretion of the court, and an assignment of error relating to a refusal to allow a bill of particulars will only be regarded when there is a manifest disregard of the defendant's rights. Such an assignment of error is irregular which does not set forth the application and the ruling of the court thereon.

*Criminal law—Indictment—Evidence—Variation as to time.*

In a criminal case a variation in proof as to time is immaterial where time is not an essential ingredient of the offense. It is not necessary, however, except where time enters into the nature of the offense to prove the exact time alleged. Any other time may be shown on the trial, if it is prior to the finding of the indictment and within the period prescribed by the statute of limitations.

Argued May 18, 1903. Appeal, No. 23, Jan. T., 1903, by defendant, from judgment of Q. S. Luzerne Co., Nov. T., 1901, No. 149, on verdict of guilty, in case of Commonwealth v. William H. Powell and F. T. Lloyd, trading as Powell & Company. Before RICE, P. J., BEAVER, ORLADY, W. D. PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Indictment for embezzlement.

Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned* were:

1. The court erred in the admission of the evidence in relation to the shipments of merchandise at any other time before or after September 3, 1901, it being specifically charged in the indictment: " Defendant on September 3, 1901, had as consignee appropriated unlawfully $45.00 money, the proceeds of forty crates of peaches, the property of one Elsie R. Schlegel."

2. The court erred in the admission of any evidence whatever in relation to other merchandise, sale of same, and demand for payment of proceeds which would not relate to shipment of the forty crates of peaches and $45.00 of money which was the specific charge made in the indictment.

3. The court erred in permitting the commonwealth to introduce evidence relating to other independent, distinct charges upon which the defendants had not been indicted. The Act of March 31, 1860, P. L. 427, provides that no more than three counts on the subject of embezzlement relating to clerks, servants and other persons in the employ of another shall be alleged, and the three charges or counts shall be brought within the space of six calendar months from the first to the last of such counts. In the case on trial, the court allowed the commonwealth to prove charges for a period outside of six months, and also to prove more than three charges.

4. The court erred in not allowing the bill of particulars, the same having been duly asked for as required by law, in view of the fact that it permitted the commonwealth to give evidence relating to shipments, other than the forty crates named in the indictment on September 3, 1901.

5. The court erred in its charge (page 5) " Nor is the date

372        COMMONWEALTH *v.* POWELL, Appellant.

Assignment of Errors—Opinion of the Court. [23 Pa. Superior Ct.

laid down in the indictment to be followed absolutely. If you find that the defendant is guilty of having embezzled and converted to his own use any money belonging to Mrs. Schlege at any time within two years from the bringing of the indictment, you will be justified in bringing a verdict of 'guilty.'"

*T. R. Martin,* for appellant.

*John H. Williams,* assistant district attorney, and *John D. Farnhan,* assistant district attorney, for appellee.

OPINION BY BEAVER, J., October 5, 1903:

Defendant was tried and convicted of the offense of embezzlement charged in the indictment as follows: "That William H. Powell, late of said county, on the 3d day of September, in the year of our Lord one thousand nine hundred and one, at the county aforesaid and within the jurisdiction of this court, being then and there consignee and factor having the possession of certain merchandise, to wit, forty crates of peaches the property of Elsie K. Schlegel, with authority to sell the same, in violation of good faith, with intent to defraud the owner, Elsie K. Schlegel, did unlawfully and fraudulently apply and dispose of to his own use certain money, to wit, forty-five dollars, raised and acquired by the sale and disposition of said merchandise, to wit, peaches, property of said Elsie K. Schlegel, contrary to the form of the act of the general assembly," etc.

There are numerous assignments of error but one or two of which need be considered. The first, second, third and sixth assignments refer to the admission of offers of evidence received under exceptions. They are all, however, in violation of our rule sixteen which provides that "when the error assigned is to the admission or rejection of evidence, the specification must quote the questions or offers, the ruling of the court thereon and the testimony or evidence admitted, if any, together with a reference to the page of the paper-book where the matter may be found in its regular order in the printed evidence or notes of trial." This rule has been totally neglected in the formulation of these assignments of error and they must, therefore, under the provisions of the rule itself, be disregarded.

The seventh specification alleges error in the remarks of the

court which accompanied the rejection of one of the offers. There is nothing erroneous in what is assigned for error but, inasmuch as the assignment relating to the admission of the testimony is contrary to our rule, even if the remarks were in themselves erroneous, the assignment would be disregarded because of the irregularity as to the assignment relating to the offer itself.

The fourth assignment relates to the refusal of the court to allow a bill of particulars. This assignment is also quite irregular. Neither the application nor the ruling of the court in regard thereto is set forth. Both should appear in the assignment itself, if they are to be regarded. It is to be remarked in reference to this assignment, however, that the allowance of a bill of particulars is not a matter of right. It is an appeal to the sound discretion of the court. An assignment of error relating to a refusal to allow a bill of particulars would only be regarded when there is a manifest disregard of the defendant's rights. This is not apparent in the present case. In Com. v. Buccieri, 153 Pa. 535, Mr. Justice DEAN said: "Before arraignment, if it be made to appear to the court that any injustice is likely to be done the prisoner because of vagueness of indictment, a bill of particulars may be ordered; this not because the prisoner has a right to demand it but because the court, after trial, on proof of surprise or injustice in consequence of the absence of specific averment as to weapon and manner of killing, would set aside the verdict and grant a new trial." In Com. v. Johnston, 19 Pa. Superior Ct. 241, President Judge RICE refers to the application for a bill of particulars as addressed to the sound discretion of the court. This is the recognized rule and we can see no failure of the exercise of a sound discretion on the part of the court below in this case.

In the fifth assignment of error the defendant complains of the charge of the court as follows: "Nor is the date laid down in the indictment to be followed absolutely. If you find that the defendant is guilty of having embezzled and converted to his own use any money belonging to Mrs. Schlegel at any time within two years from the bringing of the indictment, you will be justified in bringing a verdict of guilty." There is no error in this. Time was not of the essence of the offense. "A variation in proof as to time is immaterial where time is not an

essential ingredient of the offense.  It is not necessary, how-
ever, except where time enters into the nature of the offense,
to prove the exact time alleged.  Any other time may be shown
on the trial, if it is prior to the finding of the indictment and
within the period prescribed by the statute of limitations:"
Sadler's Crim. Proc. 320.

We find nothing worthy of special note in any of the assign-
ments of error and nothing prejudicial to the rights of the de-
fendant in the trial.  Judgment affirmed.