## Commonwealth *v.* Nailor, Appellant (No. 1).

*Criminal law—Abortion—Evidence.*

On the trial of an indictment for abortion, a conviction cannot be sustained where there was no evidence from which the jury could have found that the defendant at the time of the alleged offense, knew or believed that the woman, on whom the instrument is alleged to have been used, was then pregnant, or that the defendant understood or supposed that the instrument was used for the purpose of producing a miscarriage.

*Criminal law—Indictment—Time.*

No conviction can be sustained on an indictment found more than five months prior to the date on which the indictment charges that the offense was committed.

In an indictment, some specific date must be stated as that on which the offense was committed. It is not necessary, however, to prove the time as laid, except when time enters into the nature of the offense, or the date is to be proved by matter of record, as when perjury is charged to have been committed in a proceeding in a court of record. It is sufficient that the date laid is one on which the offense might have been committed, and that the offense, if committed on such date, is by law punishable at the time of finding the indictment. Thus the date laid must be prior to the day on which the indictment is found; it must be within the period fixed by the statute of limitations for the finding of the indictment; and, in the case of a statutory offense, it must be subsequent to the enactment of the statute. If the time laid is uncertain or impossible, or is laid on different days when the offense is a single act, or is subsequent to the finding of the indictment, or anterior to the statute creating the offense, or makes the indictment inconsistent with itself, it is a fatal objection even after verdict.

Argued May 9, 1905. Appeal, No. 243, April T., 1905, by defendant, from judgment of Q. S. Butler Co., June T., 1904, No. 29, on verdict of guilty in case of Commonwealth v. Lizzie Nailor. Before BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Indictment for abortion. Before GALBREATH, P. J.

The defendant filed a motion to quash alleging the following reasons :

1. Because the bill of indictment is bad for duplicity, is vague and uncertain, in that it charges the defendant with the unlawful use of a certain instrument with intent to procure a miscarriage, also with unlawfully aiding and assisting and using the same on the body of said Annie Phillips.

2. Because the bill of indictment is not charged in the language of the act of assembly, in that it does not charge in the first count that Annie Phillips was quick with the child.

3. Because there is no information under oath upon which to base the second count in bill of indictment for attempting to procure a miscarriage.

4. Because the first count charges two separate and distinct crimes, to-wit: That the defendant did unlawfully use a certain instrument on the body of Annie Phillips, she then and there being pregnant, with intent to procure a miscarriage resulting in death, and second, that defendant did unlawfully use a certain instrument on the body of one Annie Phillips with intent to procure a miscarriage resulting in death and she then and there being supposed and believed to be pregnant.

5. Because the second count is uncertain and invalid, not being charged in the language of the act of assembly in that it charges that Annie Phillips was supposed and believed to be pregnant, and it does not charge that she was pregnant.

The court overruled the motion to quash.

At the trial the court refused binding instructions for defendant.

Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned* were (1) refusing to quash the indictment; (4) in refusing binding instructions for defendant; (6) in overruling defendant's motion to arrest the judgment.

*Lev McQuistion* and *Everett L. Ralston*, with them *A. T. Scott*, for appellant.

*John R. Henninger,* for appellee.

OPINION BY SMITH, J., October 23, 1905:

In an indictment, some specific date must be stated as that on which the offense was committed. It is not necessary, however, to prove the time as laid, except when time enters into the nature of the offense, or the date is to be proved by matter of record, as when perjury is charged to have been committed in a proceeding in a court of record. It is sufficient

that the date laid is one on which the offense might have been committed, and that the offense, if committed on such date, is by law punishable at the time of finding the indictment. Thus the date laid must be prior to the day on which the indictment is found; it must be within the period fixed by the statute of limitations for the finding of the indictment; and, in the case of a statutory offense, it must be subsequent to the enactment of the statute. If the time laid is uncertain or impossible, or is laid on different days when the offense is a single act, or is subsequent to the finding of the indictment, or anterior to the statute creating the offense, or makes the indictment inconsistent with itself, it is a fatal objection even after verdict. These principles are laid down, and the authorities cited, by the leading English commentators on criminal law, from HAWKINS to CHITTY, and by Wharton, Bishop, and other American writers on the subject.

In the case before us, the first count of the indictment charges the defendant with aiding in the unlawful use of an instrument, with intent to produce a miscarriage, and, in consequence thereof, the death of the person on whom the instrument was used; the second count charges the like act and intent, but without alleging a fatal result. The first count, however, was practically abandoned, from the absence of evidence that death was the consequence of the act, and a verdict of guilty was found on the second count.

It is unnecessary to consider the specifications in detail, since two errors appear, either of which we regard as fatal to the judgment. First, there was no evidence from which the jury could have found that the defendant, at the time of the alleged offense, knew or believed that Annie Phillips, on whom the instrument is alleged to have been used, was then pregnant, or that the defendant understood or supposed that the instrument was used for the purpose of producing a miscarriage. The physician who visited the patient a short time previous to the alleged operation testified that in his opinion, from the symptoms in the case, she was then pregnant, but it does not appear that this opinion was communicated to the defendant. The statements made by the defendant, some time after the operation, throw no light on her knowledge or belief respecting its character or purpose at the time of its performance; and, as

the trial judge correctly instructed the jury, without knowledge or belief on her part that the operation was designed to produce a miscarriage there could be no conviction. While the evidence for the defense showed that the only operation performed in the case was for the replacement of the uterus, which had become displaced, the evidence for the commonwealth left more than a reasonable doubt respecting the character or purpose of the operation, and the existence of the essential elements of guilt on the part of the defendant. Under the law and the evidence, a verdict of not guilty should have been directed; and the fourth specification is therefore sustained.

Further than this, there is a fatal defect in the indictment. In the second count, on which the defendant was convicted, the offense is charged as having been committed " on the tenth day of November, A. D. one thousand nine hundred and four." The indictment was found on June 8, 1904, more than five months previous to this date, and the conviction took place on September 16, 1904, nearly two months previous. When the indictment was found, it was impossible for the offense to have been committed on the date laid, and the dates make the indictment inconsistent with itself. Besides the authorities already referred to, an instance in point, in our own state, is found in Pennsylvania v. McKee, Addison, 33. There the offense was charged as having been committed on June 27, 1792, while the indictment was found at March sessions, 1791, and the trial took place on June 14, 1792. On this ground judgment was arrested. Here, even if the judgment could be sustained on the evidence, it should have been arrested for this defect in the indictment.

Judgment reversed and defendant discharged from her recognizance.