# Commonwealth *v.* Zayrook, Appellant.

*Criminal law—Pleading—Indictment—Information—Variance.*

A motion in arrest of judgment must be based on some matter appearing on the record.   A variance between the information upon which the warrant issued and the indictment is not such matter, nor where the defendant has gone to trial without raising the objection is it a valid ground upon which to base a reversal of the judgment upon appeal.

The fact that three persons mentioned in an information are joined in an indictment with four others not mentioned in the information, is no ground for reversal after a trial on the merits, and when no motion to quash or for a severance has been made before pleading.

Argued Dec. 12, 1905.    Appeal, No. 70, April T., 1906, by defendant, from order of Q. S. Allegheny Co., June T., 1905, No. 385, refusing to arrest judgment in case of Commonwealth v. John Zayrook.    Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Indictment for conspiracy.
Motion in arrest of judgment.
The facts appear by the opinion of the Superior Court.

*Error assigned* was in refusing to arrest the judgment.

*John Marron*, with him *E. J. Smail*, for appellant, cited: Conner v. Com., 3 Binney, 38 ; Com. v. Smith, 185 Pa. 553 ; McCullough v. Com., 67 Pa. 30 ; Case of Lloyd & Carpenter, 3 Clark, 188.

*Robert E. Stewart*, district attorney, *W. A. Blakeley* and *J. L. Wehn*, for appellee, were not heard.

OPINION BY RICE, P. J., January 13, 1906 :
The appellant, John Zayrook, with four others, was arrested, and after hearing was held to bail, upon an information charging that on a date, and at a place specified they falsely and maliciously conspired and agreed to kill and do other great bodily harm to the affiant, and to do other unlawful and malicious acts to his prejudice.    In due course Zayrook and two of the other defendants named in the information, together with three others not named therein, were joined in one indictment charging in apt terms the substantial offense alleged in the information, and corresponding therewith as to place and date.    When the case was called for trial, and the defendants were required to plead, they objected that certain other indictments ought to be tried first, but so far as the record shows they made no other objection.    We assume that this objection was overruled, although the record is silent upon the subject. At any rate, the defendants pleaded not guilty, and the trial resulted in a verdict of guilty as to Zayrook, and the two defendants who were included with him in the information, and a verdict of not guilty as to the other defendants.    The only

matter assigned for error upon this appeal of John Zayrook is the overruling of the defendant's motion in arrest of judgment. It is claimed—adopting the language of the learned counsel for the appellant—that " it is clear from the variance between the complaint and the indictment that the magistrate heard a complaint for one conspiracy, and the court below tried a bill for a different conspiracy."

We are unable to assent to the proposition that it is fairly inferable from a comparison of the information with the indictment that the conspiracy charged against the appellant in the former was not the same conspiracy charged against him in the latter; for to charge that A, B and C conspired to do a certain criminal act does not necessarily imply that no others joined with them in the conspiracy. It is to be noticed further that the defendants who were convicted were the three who were included in the information, and who had a hearing upon the charge before the magistrate. Even if the joinder with them in the indictment of four others who were not named in the information might raise a doubt as to the identity of the offense (a point we do not concede) it is not an objection which would be ground for reversal after a trial on the merits, no motion to quash or for a severance having been made before pleading. " A motion in arrest of judgment must be based on some matter appearing on the record. A variance between the information upon which the warrant issued and the indictment is not such matter. Nor where the defendant has gone to trial without raising the objection is it a valid ground upon which to base a reversal of the judgment upon appeal: " Commonwealth v. Bradley, 16 Pa. Superior Ct. 561. See also Commonwealth v. Gillespie, 7 S. & R. 469; Commonwealth v. Brennan, 193 Pa. 567 ; Commonwealth v. Schoen, 25 Pa. Superior Ct. 211. We are all of opinion that the appellant has no just cause of complaint against the action of the court in overruling the motion in arrest of judgment.

The judgment is affirmed, and it is ordered that the appellant appear forthwith in the court below and by said court be committed for the term of his imprisonment, which had not expired at the time this appeal was made a supersedeas.