# Commonwealth *v.* Dickson, Appellant.

*Criminal law—Street walking—Municipal court.*

The conviction and sentence in the municipal court, of a defendant charged with disorderly street walking, will be sustained, where it appears that there was a hearing, and testimony produced, sufficient to warrant a conviction if believed, that the defendant was heard in her own defense, was adjudged guilty of the offense charged and that the sentence was for a term within the provisions of the Act of June 2, 1871, P. L. 1301, providing for commitment to the house of correction.

*Practice—Act of April 18, 1919, P. L. 72—Review of testimony.*

Where, under the requirements of the Act of April 18, 1919, P. L. 72, providing that the appellate court shall review the testimony in certain cases, with like effect as upon an appeal from a judgment entered upon the verdict of a jury in an action at law, no exception was taken in the court below to the admission of any testimony, no motion was made asking for the discharge of the defendant, and no objection or exception was entered to the finding or adjudication of the court, there is nothing on the record, so far as it relates to the testimony, on which to found an assignment of error.

Argued October 15, 1919.    Appeal, No. 240, Oct. T., 1919, by defendant, from judgment and sentence of Municipal Court of Philadelphia, July Sessions, 1919, No.

1311, in the case of Commonwealth of Pennsylvania v. Lavina Dickson.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ.   Affirmed.

Indictment for disorderly street walking.   Before MC-NICHOL, J.

The opinion of the Superior Court states the case.

Verdict of guilty on which judgment of sentence was passed.   Defendant appealed.

*Error assigned,* among others, was the sentence of the court.

*Clinton A. Sowers,* and with him *Alexander Fried* and *George S. Sullivan,* for appellant.

*Franklin E. Barr,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY KELLER, J., February 28, 1920:

The defendant was charged with disorderly street walking, and after a hearing before the municipal court was found guilty and committed to the house of correction.   The proceeding having been brought since the approval of the Act of April 18, 1919, P. L. 72, the appeal brings up as a part of the record the testimony taken in the court below.

From the record thus before us, it appears that the charge against the defendant was disorderly street walking.   This is in the exact language of the Act of June 17, 1915, P. L. 1017, giving the municipal court exclusive jurisdiction in all proceedings or trials on charges, relative to this offense and is sufficiently specific.   The testimony adduced at the hearing was that the defendant, at about 1:15 o'clock in the morning of June 29, 1919, while walking on Alder street solicited a man to enter her abode for the purpose of prostitution.   This was enough

to warrant a conviction of the charge of which she was accused. The record further shows that the defendant was heard in her own defense, was adjudged guilty of the offense charged, and committed to the house of correction for six months, a term within the provisions of the Act of June 2, 1871, P. L. 1301. What reasons the learned judge of the municipal court may have had for committing her for that period, whether expressed on the record or not, are immaterial, provided the record is otherwise sufficient to sustain the conviction. While the record in this case might well have been somewhat more explicit and definite, we are not convinced that it is so defective as to require a reversal of the judgment.

The learned counsel for the appellant has apparently misconceived the effect of the Act of April 18, 1919, supra. It provides: "That in any proceedings heretofore or hereafter had in any court of record of this Commonwealth where the testimony has been or shall be taken by witnesses, depositions, or otherwise, and where an appeal has been or shall hereafter be taken from the order, sentence, decree, or judgment, entered in said proceedings, to the Superior or Supreme Court, such testimony shall be filed in said proceedings, and the effect of said appeal shall be to remove, for the consideration of the appellate court, the testimony taken in the court from which the appeal is taken, and the same shall be reviewed by the appellate court as a part of the record, with like effect as upon an appeal from a judgment entered upon the verdict of a jury in an action at law, and the appeal so taken shall not have the effect only of a certiorari to review the regularity of the proceedings in the court below."

Reviewing the record brought up in this case pursuant to the statute just quoted, with like effect as upon an appeal from a judgment entered upon the verdict of a jury, we find that no exception was taken in the court below to the admission of any testimony, no motion was made asking for the discharge of the defendant, no objection

or exception was entered to the finding or adjudication of the court. So far as the record shows, the defendant seems to have been satisfied with the action of the court at every stage of the proceeding. If the testimony in the case is to be considered with like effect as upon an appeal from a judgment entered upon the verdict of a jury, there is nothing in the record, so far as relates to the testimony, upon which to found an assignment of error.

The assignments of error are all overruled; the judgment is affirmed, and it is ordered that the appellant appear in the court below at such time as she may be called and be by the court committed until she has complied with the sentence imposed.