## Commonwealth *v.* Holstein, Appellant.

*Criminal law—Receiving stolen goods—Indictment—Duplicity —Effect of motion in arrest of judgment—Question on appeal.*

A count which joins the larceny of several distinct articles belonging to different owners is good, providing the time and place of the taking of each are the same. The rule is the same in an indictment for receiving stolen goods.

A motion in arrest of judgment raises only the question whether the record is sufficient to sustain the verdict.

An indictment charging the defendant with receiving stolen goods, the property of two distinct persons, in one count is not invalid on account of duplicity.

Upon an appeal from a refusal of a motion in arrest of judgment the Superior Court is only concerned as to the question whether the record is sufficient to sustain the judgment.

Submitted November 16, 1920. Appeal, No. 227, Oct. T., 1920, by defendant, from judgment of O. & T. Phila. Co., Oct. Sessions, 1919, No. 572, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Joseph Holstein. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for receiving stolen goods. Before BARRATT, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were refusal of defendant's points and refusal of the motions in arrest of judgment and for new trial.

*Henry M. Stevenson,* for appellant.

*Charles Edwin Fox,* Assistant District Attorney, with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY TREXLER, J., March 5, 1921:

The indictment charges the defendant with receiving on September 22, 1919, certain articles the property of Gruskin and other articles the property of Brodsky knowing that the said property had been feloniously stolen and taken away. After the testimony had been received, the learned trial judge was asked to give binding instructions in favor of the defendant. There was also a point submitted that as the indictment charged the defendant with receiving stolen goods, the property of two distinct persons, in but one count, that the indictment was bad and invalid on account of duplicity, and the judge was asked to say "This indictment must therefore fail." The court refused both points. After a verdict of guilty a motion in arrest of judgment was made.

As to the request for binding instructions, we need but state that there was sufficient evidence to convict. As to the second point it may be conceded that where two distinct receivings of stolen goods at different times are charged they should not be joined in one count, as it cannot be known upon what receiving, the bill found by the grand jury was predicated. See Fulmer v. Commonwealth, 97 Pa. 503. There is no doubt however, that a

count which joins the larceny (and of course the same would be true as to receiving) of several distinct articles belonging to different owners is good, providing the time and place of the taking of each are the same: Idem; Commonwealth v. Ault, 10 Pa. Superior Ct. 651. Upon the face of it therefore the indictment in the case before us was good. There is but one receiving charged. It will be observed that the point is directed to the form of the indictment; that it is invalid on account of duplicity. There is no allegation that there is a variance between the proof submitted and the charge laid. The obvious answer to the point is, that the indictment upon its face charges but one crime and is therefore not double. The same answer may be made to the motion in arrest of judgment. Under such motion we are concerned merely as to the question whether the record is sufficient to sustain the judgment: Kilrow v. Com., 89 Pa. 480.

The defendant contends that the Act of the General Assembly approved April 18, 1919, P. L. 72, has changed the law in this respect. The act provides that in appeals to the Supreme and Superior Courts the testimony shall be reviewed by the appellate court as a part of the record, with like effect as upon an appeal from a judgment entered upon the verdict of a jury in an action of law. This does not change the law in regard to the consideration of questions arising in appeals from the verdicts of juries in either civil or criminal cases: Com. v. Dickson, 74 Pa. Superior Ct. 200.

The assignments of error are all overruled. The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.