# Commonwealth, Appellant, *v.* Bridges.

*Criminal law—Indictment—Quashing indictment—Date of commission of crime.*

An indictment for possessing, transporting and selling liquor charging the date of the offense, as subsequent to the day on which the information was made, is not defective. Being prior to the finding of the indictment, subsequent to the statute describing the offense and fixing the penalty, and within the period described by the statute of limitations, the indictment is well laid.

Where time is not the essence of the offense, the Commonwealth can show any time prior to the finding of the indictment and within the period of limitation.

Argued October 2, 1923.    Appeal, No. 43, April T., 1924, by Commonwealth, from order and judgment of Q. S. Cambria Co., June Sessions, 1923, No. 145, quashing indictment in the case of Commonwealth of Pennsylvania v. Robert E. Bridges.    Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Reversed.

Indictment for selling, transporting and possessing liquor.    Before REED, P. J. O. C., specially presiding.

The opinion of the Superior Court states the case.

The court quashed the indictment.    Commonwealth appealed.

*Error assigned* was the judgment of the court.

*Clarence E. Davis,* Assistant District Attorney for appellant.

No appearance and no printed brief for appellee.

OPINION BY TREXLER, J., November 19, 1923:

The learned trial judge quashed the indictment because the date laid as that on which the crime was committed was subsequent to the day on which the information was made.    He considered this a fatal error.    Our court expressed an opinion to the contrary in Com. v. Nailor (No. 2), 29 Pa. Superior Ct. 275.    We stated in that case: "In the second count, June 6, 1904, is laid as the date of the offense charged.    This is subsequent to the complaint and hearing on which the count is based. Yet being prior to the finding of the indictment, subsequent to the statute describing the offense and fixing the penalty, and within the period prescribed by the statute of limitations, it is well laid, according to the principles referred to in the preceding case": Com. v. Nailor (No. 1), Id. 271.

It has been held repeatedly that where time is not of the essence of the offense, the Commonwealth can show any time prior to the finding of the indictment and within the period of limitation, Com. v. Ryhal, 274 Pa. 401; Com. v. Powell, 23 Pa. Superior Ct. 370; Com. v. Coleman, 60 Pa. Superior Ct. 512.

The order and judgment of the court of quarter sessions quashing the bill of indictment is reversed, the indictment is reinstated and the record remitted for further proceedings according to law.