## Commonwealth v. Separito.

*Criminal law—Trial—Charge—Comments on evidence.*

1. The trial judge in a criminal case has a right to express his opinion on the weight of the evidence and to comment thereon, and unless the jury is thereby led to believe that the facts were withdrawn from their consideration, his comment is no ground for a new trial.

*Liquor law—Criminal law—Possession of liquor — Cross-examination of witness who made search—Order of proof.*

2. Where the defendant on the trial of an indictment for the illegal possession of liquor attempts to show on the cross-examination of the witness for the Commonwealth who made the search that such witness had a bottle of whiskey in his possession when he entered defendant's premises, the Commonwealth may prove in rebuttal that such witness had been searched shortly before entering defendant's house by the county detective in order to see that no liquor was on his person.

3. The order of proof is within the discretion of the trial judge.

*Criminal law—Point for charge—Refusal of point—Evidence.*

4. A conviction in a criminal case will not be set aside, because of the refusal of a point predicated on the assumption that there was no other evidence of defendant's guilt than that of one witness, where, in fact, there was other evidence sufficient in itself to support the conviction.

*Criminal law—Information—Indictment—Variance—Date of commission of crime—Motion in arrest of judgment—Motion for new trial—Waiver.*

5. A motion in arrest of judgment is not a waiver of the right to move for a new trial; the two motions may run concurrently.

6. A motion in arrest of judgment must be based upon some matter appearing on the record.

7. An information is a part of the record.

8. Where an information charges the commission of a crime on May 12, 1926, and the indictment correctly charges the commission of the offence on May 12, 1925, and this is proven at the trial, the defendant, after conviction, cannot have the judgment arrested on the ground of the variance if it appears that, prior to the trial, he instituted no proceeding to be discharged from custody, gave bail to two successive terms of court and allowed a whole term to go by after a true bill had been found against him.

9. In such case, the insertion of the true date in the indictment was, in effect, the amendment of the impossible date in the information.

10. The defendant might have taken advantage of the defects in the information on a writ of *habeas corpus*, but it was too late after trial and conviction.

Motion for new trial. Motion in arrest of judgment. Q. S. Greene Co., Sept. Sess., 1925, No. 11.

*O. R. Hughes,* District Attorney, for Commonwealth.

*James J. Purman* and *Harry Huffman,* for defendant.

SAYERS, P. J., Feb. 8, 1926.—The defendant was indicted and a true bill found by the grand jury on June 2, 1925, charging him with violating the Act of Assembly of March 27, 1923, P. L. 34, by having unlawfully sold, offered for sale and possessed within the Commonwealth intoxicating liquor for beverage purposes. Information was made against him by E. D. Patterson, county detective, on May 12, 1925, and a search warrant was issued at the same time on oath of the county detective against John Doe, *alias* Frank Separito. The information charged him with the commission of the crime on May 12, 1926, and it appears to be sworn to before the justice on May 12, 1926. Frank Separito entered into a recognizance before the justice on May 16, 1925, conditioned for his appearance on the first Monday of June Sessions, 1925, to answer the charge of violation of liquor laws. After the finding of the true bill by the grand jury at June Sessions, 1925, to wit, on

Commonwealth v. Separito.

June 15, 1925, Frank Separito entered into recognizance with sureties conditioned to appear and answer the charges against him at the next Court of Quarter Sessions, which begun on Monday, Dec. 7, 1925. On Dec. 10, 1925, his case was called for trial and a jury was sworn. Before the jury was sworn, attorneys for the defendant moved the court to quash the bill of indictment for the reasons:

1. Because it appears by the information made by E. D. Patterson, county detective, that the crime with which the defendant is charged with having committed was, as appears by said information, committed on May 12, 1926, and the bill of indictment charges the defendant with the offence as having been committed on May 12, 1925.

2. Because the bill of indictment charges the defendant with more than one separate, distinct and independent offence against the law in but a single count, which separate, distinct and independent offences cannot be joined in a single count in said indictment.

This motion was overruled by J. W. Ray, President Judge, who was presiding at the trial and who has since retired from office, and a bill was sealed for the defendant, with leave to use the matters hereafter in a motion for arrest of judgment. The second reason to quash the indictment has not been followed up by counsel for defendant, either in his motion for a new trial or in the motion for arrest of judgment, and, consequently, the matter raised need not be considered by this court.

On Dec. 15, 1925, defendant filed a motion and reasons for a new trial and a motion to transcribe the testimony, which was transcribed and filed in this court on Jan. 19, 1926.

The first reason in support of the motion for a new trial is that the court erred in admitting the evidence of E. D. Patterson, county detective, concerning his search of Commonwealth's witness, B. F. Myers, for liquor; and, secondly, in refusing to strike out said evidence on motion of attorneys for defendant. The third reason for a new trial covers the refusal by the court of the defendant's fourth, fifth, sixth, seventh and eighth points. The matters raised by the sixth, seventh and eighth points all relate to the objection upon which the motion in arrest of judgment is founded, namely, that the information having charged the commission of a crime on May 12, 1926, will not support an indictment which charges the crime as having been committed on May 12, 1925, and because this discrepancy was not amended, that no judgment can lawfully be entered against Frank Separito, the defendant, on the record. The fourth reason for a new trial objects to the court having given undue prominence in its charge to the contention and testimony of the Commonwealth and in refusing and neglecting to sufficiently comment on testimony in behalf of defendant.

We have gone carefully over this charge and we are not prepared to say that there was any discrimination in the court's charge in favor of the Commonwealth's contention or exhibiting a neglect or refusal to charge in favor of the defendant. The charge contains little upon the facts or theory of either the Commonwealth's or defendant's case, but carefully instructs the jury as to the rights of the defendant and as to their duty in ascertaining the facts. While the court said in a part of his charge that, in his opinion, somebody was wilfully, deliberately and maliciously lying, he did not say who or what witnesses were so doing, but directed the jury to find out for themselves what witnesses were telling the truth.

In the opinion of this court, there was not such error in the charge of the court as would warrant the granting of a new trial. The judge has a right to

Commonwealth v. Separito.

express his opinion on the weight of the evidence and to comment thereon, and unless the jury is thereby led to believe that the facts were withdrawn from their consideration, his comment is no ground for a new trial: Wharton's Criminal Pleading and Practice (9th ed.), page 652, § 798; Johnston v. Com., 85 Pa. 54; Shovlin v. Com., 106 Pa. 369; Com. v. Orr, 138 Pa. 276; Com. v. McGowan, 189 Pa. 641; Com. v. Meads, 29 Pa. Superior Ct. 321; Com. v. Leyshon, 44 Pa. Superior Ct. 507; Com. v. Rose, 74 Pa. Superior Ct. 96.

As to the first and second reasons for a new trial, we have given them careful consideration and are of the opinion that the admission of the testimony of E. D. Patterson, concerning the search of the Commonwealth's witness, B. F. Myers, was not error. We think, under the circumstances, that the evidence was competent and material. On cross-examination of B. F. Myers, witness for the Commonwealth, he was asked by counsel for the defendant: "Q. Don't you know you had whiskey in your pocket when you went there? A. I do not. Q. And don't you know you did not buy any whiskey of him? A. I did. Q. Don't you know you treated them out of that? A. I did not."

This examination by defendant's counsel invited the Commonwealth at the proper time to show that witness Myers had no whiskey on his person when he went to search the defendant's premises, and when the county detective was put on the stand he was permitted to testify that before he got in the car with Myers, Thomas and Stockdale at Waynesburg, he searched Mr. Myers to see if he had any liquor on him, and stated that he found none. This evidence is objected to by the defendant as being incompetent and irrelevant and as hearsay and self-serving on the part of the Commonwealth, and also that the evidence was too remote and not connected with or pertaining to the crime charged.

The evidence offered by the Commonwealth tended to prove that when the parties coming to search the Combs's or road-house left Waynesburg, the county detective searched Mr. Myers, who, it seems, was delegated as the person to try and buy the liquor at the road-house, in order to see that there was no liquor on his person. The method of search was described to the jury, and it was for them to find whether or not it was sufficient to support the fact which the evidence was offered to prove. The search was not remote in distance or time and took place within less than a mile and a-half of the premises searched and but a few minutes before the alleged purchase of liquor was made and the defendant arrested. We think the evidence was proper in rebuttal, and the weight of the evidence was a matter for the jury.

The order of proof is within the discretion of the court below (Com. v. Morrison, 266 Pa. 223), and while the testimony might have been incompetent in chief in behalf of the Commonwealth, it became competent as soon as the Commonwealth had notice that the defendant charged the Commonwealth's witness, Mr. Myers, with having a pint bottle of whiskey on his person when he came to search the house: Laird v. Campbell, 100 Pa. 159. The order of procedure and the evidence in the trial was within the discretion of the trial court: Com. v. Gormley, 78 Pa. Superior Ct. 294; Com. v. Robzin, 78 Pa. Superior Ct. 290; Carroll v. Com., 84 Pa. 107.

Only one other matter remains to be considered among the reasons for new trial, and that is that the court erred in refusing defendant's fourth point for charge, which reads as follows:

"IV. If the jury disbelieves the evidence of B. F. Myers, then there is no evidence that the defendant sold or possessed intoxicating liquor for beverage purposes; and if they do so disbelieve his evidence, then their verdict should be 'not guilty.' Answer: Refused."

Commonwealth *v.* Separito.

This point was rightly refused because it was predicated on the assumption that there was no other evidence in the case, save that of B. F. Myers, to show that the defendant had sold or possessed intoxicating liquors for beverage purposes. The point is incorrect and was properly refused, because there was the testimony of E. D. Patterson, county detective (pages 16 and 17), and that of Byron Stockdale (pages 22 and 23), from which the jury might have found that the defendant was in possession of liquor as charged in the indictment, and that when he was arrested he destroyed bottles in which the liquor was contained. The evidence of the possession of liquor might have been very meagre without the testimony of Myers, but it was still sufficient to enable the jury, within their province as judges of the fact, to find the defendant guilty of the possession of intoxicating liquor and yet disregard the testimony entirely of the witness B. F. Myers.

For the reasons herein set forth, the court is of opinion that the motion and reason for a new trial is not well founded. An examination of the record of this trial and the whole case shows that substantial justice has been done and that the verdict was warranted by the evidence and should not be interfered with. There has been no material misdirection in the law or the facts as submitted by the court to the jury, nor has the province of the jury, as triers of the facts, been invaded by the court, or the rights of the defendant infringed, either in the admission of evidence or the charge of the court to the jury.

The motion in arrest of judgment raises a more serious question in the case. Defendant alleges the judgment cannot be supported on an information charging the commission of a crime on May 12, 1926, being an impossible date, because it named a time that had not arrived, and that the indictment charging the crime as committed May 12, 1925, cannot be based on an information where the variance between the information and the indictment was not corrected by amendment. The indictment gives the correct date of the commission of the offence, and that was the date testified to and proven at the trial. It was shown to be, and appeared on the face of the record to be, a clerical error of the justice in inserting in the information the wrong year. The same error appears in the justice's *jurat* on the information.

It was urged at the argument that, technically, a motion in arrest of judgment is a waiver of all right to make a motion for a new trial, but we find the practice to be otherwise in this state: Sadler's Criminal Procedure, page 451, § 533. The motion for a new trial may run concurrently with a motion in arrest of judgment. The court can consider a case as though both motions were pending and grant a new trial where no motion for a new trial is actually pending, and such order will operate to dispose of a motion in arrest of judgment: Com. *v.* Gabor, 209 Pa. 201.

A motion in arrest of judgment must be based upon some matter appearing on the record: Com. *v.* Holstein, 76 Pa. Superior Ct. 74. The information or complaint in this case seems to be a part of the record. At least, it was so held in Com. *v.* Roland, 10 Dist. R. 410-411, wherein the court says: "But it is strenuously contended that, in deciding cases of this character, the court should look at nothing outside of or beyond the face of the indictment. We must concede that this is the general rule, but it is not of universal application: Com. *v.* Williams, 149 Pa. 54; for, if the record discloses upon its face an insurmountable defect, the court has a right to consider it. It must be remembered that, in this case, the complaint is part of the record, and all the facts appear upon the face of the record. The accused is entitled to be heard on the regularity and sufficiency of the proceedings before the magistrate, if

he moves in time. In this case he has done so. The Criminal Procedure Act provides that every objection to an indictment for defect apparent on its face must be taken by demurrer or motion to quash before the jury is sworn, and not afterwards; and as, in this case, the defendant has made the objection before the swearing of the jury, he is entitled to the benefit of whatever advantages result from the defective proceedings."

The defendant raised the question of variance between the information and the indictment in a motion to quash, made before going to trial in this case, and has renewed his objections, based on the same reasons, by his motion in arrest of judgment upon the whole record. Nothing need be considered on this motion but the indictment, the information and the record of the trial. The evidence does not have any bearing in its consideration: Com. v. Gurley, 45 Pa. 392; Com. v. Armstrong, 4 Pa. C. C. Reps. 5-8; Com. v. Hanley, 15 Pa. Superior Ct. 271. This is the well-settled rule: Com. v. Weaver, 61 Pa. Superior Ct. 571-582.

It is held in Com. v. Clement, 8 Dist. R. 705, that the information is the basis of all subsequent proceedings, and that it is upon the information alone that the indictment must rest and find its support. "The accused is entitled to be heard on the regularity and sufficiency of the proceedings before the magistrate, if he moves in time. It is the only effective way to preserve his rights under the Constitution. He may have the proceedings reviewed on a writ of *habeas corpus* or on a motion to quash, and it seems that his application will be in time if made before pleading to the indictment: March v. Com., 21 W. N. C. 566."

Again, it is held that a prisoner may raise any question touching the legality of his arrest upon a proceeding to be discharged from custody; but if he has given bail to answer the charge, he cannot, after indictment found, raise such a question by a motion to quash: Com. v. Ettinger, 37 Pa. C. C. Reps. 611-612, and cases cited.

The indictment in this case is in proper form, but it is based upon an information which alleges an impossible date as that upon which the crime was committed. We hold in this case that the insertion of the correct date in the indictment, being the date which was sustained by the proof on the trial of the case, was in effect an amending of the information. Variances between the information and the indictment based thereon cannot be taken advantage of in arrest of judgment. This, the Superior Court has held in the case of the Com. v. Bradley, 16 Pa. Superior Ct. 561; but in that case the defendant seems to have gone to trial without raising any objection to the variance. In Com. v. Zayrook, 30 Pa. Superior Ct. 111, it is held that a motion in arrest of judgment must be based on some matter appearing on the record. A variance between the information upon which the warrant is issued and the indictment is not such matter, nor where the defendant has gone to trial without raising the objection is it a valid ground upon which to base the reversal of a judgment on appeal. In this case the motion to quash, upon which the arrest of judgment is founded, was made before the jury was sworn. Even so, we are inclined to the opinion that the defendant was too late to take advantage of the variance between the information and the indictment. The defendant might have been heard upon the question of the impossible date fixed in the information on a proceeding to be discharged from custody by reason of an irregular commitment. It is too late, after indictment found, to raise such question on the trial of the cause: Com. v. Sedlack, 1 Northum. Co. Repr. 143, citing Com. v. Brennan, 193 Pa. 567, and Com. v. Malini, 214 Pa. 50. It has been held that no conviction can be sustained on an indictment found more

than five months prior to the date on which the indictment charges that the offence was committed: Com. v. Nailor (No. 1), 29 Pa. Superior Ct. 271. That case and the cases cited seem to make it clear that if the error in date had occurred in the indictment and it was not amended, the judgment should have been arrested on account of that defect, but we do not think the same reasoning applies to the error in the information which is amended, in effect, by the indictment. After indictment and entry of bail, objections to the magistrate's transcript or to the affidavit on which the warrant was issued cannot be raised on a motion to quash: Com. v. Costello, 18 Dist. R. 1067; the court there holding, on authority of Com. v. Brennan, 193 Pa. 567-569, that the defects in the affidavit were not properly before the court.

The defendant might have taken advantage of the defects in the information on a writ of habeas corpus. In view of the fact that the defendant was committed after hearing had before the magistrate, and gave bail for his appearance at June Sessions, 1925, when the bill of indictment was found, and again for his appearance at December Sessions, 1925, without objections made to the information until his case was called for trial, he has waived all irregularities in his arrest and detention upon the information in this case: Com. v. Kipnis, 26 Dist. R. 927; Com. v. Dingman, 26 Pa. Superior Ct. 615; York City v. Hatterer, 48 Pa. Superior Ct. 216; Com. v. Williams, 54 Pa. Superior Ct. 545.

While the information was not in accordance with proper practice and might not have been sufficient to have detained defendant in custody, had advantage been taken thereof at the proper time, yet it seems that, after having given bail for appearance at court and an indictment having been found thereon, the defect cannot be taken advantage of on motion to quash or in arrest of judgment: Com. v. Butler, 33 Pa. C. C. Reps. 145, citing Com. v. Mallini, 214 Pa. 50; Com. v. Dingman, 26 Pa. Superior Ct. 615; Com. v. Brennen, 193 Pa. 567.

In Com. v. Coleman, 60 Pa. Superior Ct. 512-516, it is recited that: "The information was made before the magistrate on Feb. 24, 1913. That officer, evidently by mistake, laid the past transaction, the history of which is fully recited, as having occurred on the same date on which he took the information. The pleader who drew the indictment, obviously with the information before him, laid the transaction as of the date stated in the information. The indictment was found by the grand jury March 12, 1913. Now, upon the trial, the proof disclosed that, although the information was made in February, 1913, the transaction out of which the defendant's alleged guilt arose actually occurred about May 1, 1911. That was within the period of two years before the bill was found. The whole of the evidence disclosed there had been but a single transaction between the defendant and the prosecutor." Notwithstanding the variance in date between both the information and indictment and the proof, the Superior Court held that the court below did not err in refusing defendant's motion to quash the indictment. The name of the month might have been changed in the indictment by amendment: Myers v. Com., 79 Pa. 308-311.

In the case of Com. v. Brennan, 193 Pa. 567-569, the information was not sworn and subscribed to by the complainant. The court, in a per curiam opinion, said: "The defendant was tried upon an indictment found regularly by a grand jury upon examination of witnesses after information made before a magistrate. A trial was had upon the merits and the defendant was duly convicted of murder of the first degree. On the trial, a motion was made to quash the indictment because it was not found after an information sworn to

and subscribed before the committing magistrate. While the defendant might have been heard on that subject upon a proceeding to be discharged from custody on the ground of an illegal commitment, it is certainly too late after indictment found upon the trial of the cause. The finding of the indictment cannot be invalidated for any such reason."

"It has been held repeatedly that where time is not of the essence of the offence, the Commonwealth can show any time prior to the finding of the indictment and within the period of limitation: Com. v. Ryhal, 274 Pa. 401; Com. v. Powell, 23 Pa. Superior Ct. 370; Com. v. Coleman, 60 Pa. Superior Ct. 512:" Com. v. Bridges, 82 Pa. Superior Ct. 92-94.

There can be no doubt whatever that if the mistake in date which appears in the information had been carried into the indictment, the indictment could have been amended upon the trial of the case, even after verdict. The case of the Com. v. Tassone, 246 Pa. 543, is sufficient authority for this statement. In that case, six days after verdict, counsel for the defendant moved the court in arrest of judgment "on the ground that the indictment upon which he had been found guilty charged the offence as having been committed more than six months after the trial."

This court is of the opinion that the misstatement of the date of the commission of the offence in the information could only have been taken advantage of by the defendant by a proceeding to be discharged from custody, and having given bail to two successive terms of court and allowed a whole term to go by after a true bill was found by the grand jury without objection to the variance in dates between the information and the bill of indictment, he should not now be discharged upon a mere technical objection which did him no harm at the trial. The information was not before the jury, nor was it admissible at the trial as primary evidence of the date of the offence: Com. v. Craig, 19 Pa. Superior Ct. 81-96. The true date was stated in the indictment and all the evidence at the trial had reference to that date, and we cannot find from the whole record any reason to say at this time that the rights of the defendant had been disregarded or that he has not had a fair trial and has [not] been duly convicted on proper evidence.

And now, Feb. 8, 1926, there being no sufficient reason assigned either for the granting of a new trial or arrest of judgment in this case, the rules are discharged and the defendant is directed to appear in this court for sentence.

From S. M. Williamson, Waynesburg, Pa.