## Commonwealth v. Gaertner

*J. Manley Robbins*, district attorney, for Commonwealth.
*E. J. Mullen*, for defendant.

EVANS, P. J., August 19, 1933.—These indictments charge embezzlements as servant, agent, and employe, fraudulent conversion, and larceny.

The reasons urged for quashing the indictments are as follows:

Indictment no. 14: The persons from whom the defendant received the money alleged to have been embezzled are not named in the indictment.

Indictment no. 15 (2 counts): (a) A definite date is not alleged when the offenses were committed; (b) the first count does not state from whom or when the defendant received the money alleged to have been embezzled, except that it was within 2 years last past; (c) the second count does not state from whom the articles there mentioned, alleged to have been embezzled, were received; (d) the second count is duplicitous in that it charges two separate and distinct offenses in one count.

Indictment no. 16 (2 counts): The first count is defective in that no date is averred when the alleged larceny was committed.

Indictment no. 17: (a) No date is alleged when the offense of embezzlement was committed; (b) the indictment does not state from whom or when the defendant received the money as agent of the Fallon estate alleged to have been embezzled.

Section 11 of the Act of March 31, 1860, P. L. 427, provides:

"Every indictment shall be deemed and adjudged sufficient and good in law which charges the crime substantially in the language of the act of the assembly prohibiting the crime, and prescribing the punishment, if any such there be, or if at common law, so plainly that the nature of the offence charged may be easily understood by the jury."

These indictments charge embezzlements as agent, servant, and employe, fraudulent conversion, and larceny. Each count plainly charges the offense intended, in language practically identical with that used by the legislature in defining the offenses. More than this cannot be required. If more detailed information is necessary to enable the defendant to prepare his defense, an application for a bill of particulars is the proper remedy, and not a motion to quash: Commonwealth v. Sunderlin, 31 Pa. Superior Ct. 349, 353.

Briefly, the objections to the indictments are that the persons from whom the defendant received the property alleged to have been embezzled and stolen are not named in the indictments, nor the particular dates given when the property is alleged to have been embezzled and stolen, and that the second count in indictment no. 15 is duplicitous in that it charges two specific and distinct offenses in one count.

These objections, we believe, are without merit. In all the indictments, the allegation is that the property alleged to have been embezzled and stolen by the defendant belonged to the Edward F. Fallon estate, and that the same came into the defendant's possession as a clerk, servant, and employe. In indictment no. 14, three counts, the particular dates mentioned when the offenses were committed are October 1, November 21, and December 19, 1931. In indictment no. 15, two counts, the allegation is that within 2 years last past the defendant received the property described and fraudulently converted the same to his own use, etc. In indictment no. 16, two counts, the allegation is that the defendant did feloniously steal and carry away the property, etc., within 2 years last past, and that the defendant did feloniously steal and carry away the property described on or about January 9, 1932. In indictment no 17, the allegation is that the defendant, as agent, received and embezzled the property described belonging to the Fallon estate within 2 years last past. All the indictments were found by the grand jury on December 19, 1932. The second count in indictment no. 15 is not duplicitous. It charges but a single offense, viz, that the defendant did receive into his own possession a lamp, gum, chewing gum machines, candies, and other merchandise belonging to the Edward F. Fallon estate, and did fraudulently withhold and convert the same and the proceeds derived from the sale or other disposition of the same to his own use or to the use of some person other than the Edward F. Fallon estate.

In contemplation of law, the receiving of the merchandise and the fraudulently withholding and converting the same or the proceeds thereof to his own use or to the use of some person other than the owner is but one continuing offense.

In Commonwealth v. Nailor (No. 1), 29 Pa. Superior Ct. 271, Judge Smith said:

"In an indictment, some specific date must be stated as that on which the offense was committed. It is not necessary, however, to prove the time as laid, except when time enters into the nature of the offense, or the date is to be proved by matter of record, as when perjury is charged to have been committed in a proceeding in a court of record. It is sufficient that the date laid is one on which the offense might have been committed, and that the offense, if committed on such date, is by law punishable at the time of finding the indictment. Thus the date laid must be prior to the day on which the indictment is found; it must be within the period fixed by the statute of limitations for the finding of the indictment; and, in the case of a statutory offense, it must be subsequent to the enactment of the statute."

We think the rule is fairly deducible from the decisions that it is sufficient if the date laid in the indictment is one on which the offense might have been com-

150

mitted, and that the offense, if committed on such date, is by law punishable at the time of finding the indictment, and that the date laid must be prior to the day on which the indictment is found and within the period fixed by the statute of limitations, and in case of a statutory offense, subsequent to the date of the enactment of the statute: Commonwealth v. Ryhal, 274 Pa. 401; Commonwealth v. Powell, 23 Pa. Superior Ct. 370; Commonwealth v. Nailor (No. 1), 29 Pa. Superior Ct. 271; Commonwealth v. Sunderlin, 31 Pa. Superior Ct. 349; Commonwealth v. Shaffer, 45 Pa. Superior Ct. 595; Commonwealth v. Coleman, 60 Pa. Superior Ct. 512.

If the defendant's learned counsel believes more detailed information than is given in the indictments is necessary to enable the defendant to prepare his defense, an application for a bill of particulars is the proper remedy. In accord with the views herein expressed, the rules should be discharged.

And now, August 19, 1933, the rules to quash the indictments are discharged.

From L. G. Rarig, Danville, Penna.