# Commonwealth *versus* Ruth.

## Same *versus* Same.

Where the court of Quarter Sessions, on petition of the defendant in a criminal case, made an order, before trial, directing a *stet* to be entered; and, in another criminal case against the same defendant, made a similar order after a verdict of guilty, and after the granting of a motion in arrest of judgment on one count of the indictment, and awarding a new trial upon the other counts; both said orders for the entry of a *stet* being made against the objection of the district attorney, and bills of exception were sealed:

*Held,* that writs of error would not lie to review the record, and the action of the court in making said orders, there being no final judgment in the cases.

[Commonwealth *v.* Ruth.]

October 16th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Quarter Sessions of *Washington county :* Of October and November Term 1883, Nos. 83 and 84.

These were two indictments against Samuel Ruth, one for forgery and the other for embezzlement and larceny as employee.

The record in No. 83 showed the following :

March 14th 1883, grand jury returns true bill.

March 23rd 1883. Petition of defendant, for entry of a stet on all further proceedings under the indictments against him.

And now March 26th 1883, the court enters a stet upon above indictment, on payment of costs by defendant. GEO. S. HART, J.

Same day upon objection of the district attorney to said order entering a stet, exception sealed, and defendant ordered to enter into recognizance.

Writ of error, &c.

The record in No. 84 showed the following.

March 14th 1883, grand jury returns true bill.

March 14th 1883, motion to quash first and fifth counts filed : March 15th 1883, motion to quash overruled and exception noted for defendant.

March 15th 1883, special plea filed : March 16th demurrer to special plea filed : March 16th demurrer sustained, special plea overruled, with leave to defendant to answer over.

March 16th 1883, defendant in court pleads not guilty, et de hoc, &c.; district attorney, similiter and issue : same day jury called and sworn.

March 17th 1883, jury came into court, and say the defendant, Samuel Ruth, is guilty in manner and form as he stands indicted : same day motion for a new trial and in arrest of judgment entertained.

March 21st 1883, motion for new trial and arrest of judgment, with reasons therefor, filed.

March 23rd 1883, petition of defendant, with reasons, for entry of a stet on all further proceedings under the indictments against him, with request therefor of the committee of the Washington Savings Bank, and of W. A. Mickey, the prosecutor filed.

March 26th 1883, order of court filed arresting judgment on the fifth count of the indictment ; overruling the motion as to the remaining counts, and as to said remaining counts making the rule for a new trial absolute : same day, on exception made by the district attorney to said order and notice of his inten-

[Commonwealth *v.* Ruth.]

tion to apply for a writ of error, with motion that defendant be held to bail, bill sealed for the Commonwealth.

Same day, March 26th 1883, order of court filed directing that a stet be entered on the several counts of this indictment, on payment of costs by the defendant: same day, on exception made by the district attorney to said order and notice of his intention to apply for a writ of error, with motion that defendant be held to bail, bill sealed for the Commonwealth.

Same day, March 26th 1883, defendant ordered to enter into recognizance.

Writ of error, &c.

The matter assigned for error in each case was the order of the court of March 26th 1883, directing that a stet be entered, in each case as above.

*R. C. McConnell*, district attorney, for the Commonwealth. —The action of the court was substantially the exercise of a power to enter a nolle prosequi in a criminal cause, against the protest of the representative of the Commonwealth, who alone has that power, to be exercised by him, however, only by leave of the court. The court can assent, but cannot require : Act of 1860 Purd. Dig. 381, pl. 30.

[MERCUR, C. J.   Where is there any final judgment to which a writ of error will lie ?] ·

In form the judgment is interlocutory, but in effect it is final, because it stays the Commonwealth's indictment indefinitely against the protest of the Commonwealth's officer.   The facts set forth in the petition show that a criminal prosecution was resorted to enforce the settlement of a civil claim, and that the private prosecutor is now willing to abandon the prosecution.   But this cannot be done, where the district attorney is unwilling, in the exercise of his official duty, to enter a nolle prosequi.

A *stet* is something technically unknown to our criminal law.   Text-writers ignore such a term.   In Whart. Law Lex. (English), it is thus defined : "*stet processus*, an order of the Court to stay proceedings, and strictly, it can only be made with the consent of the parties ; but where the ends of justice will be better answered by this course, it is authoritatively recommended by the court."   And Bouvier, Law D.: "An order made, upon proper cause shown, that the process remain stationary."   But, though the term is unknown to the text-writers on Criminal Law, and to our Crimes Act and Criminal Procedure Act, yet it is applied in courts below, at least in ours, to a suspension of sentence after a conviction, in minor misdemeanors, when the circumstances of the case will justify, but never without the consent of the district attorney.   Such

[Commonwealth v. Ruth.]

suspension is only temporary and can be lifted at any time on motion of that officer. In the present case, however, the term was applied to an act which, being against the protest of the district attorney and overruling his motion for judgment, was an absolute termination of the prosecution, and to all intents and purposes was the entry on the part of the court of a nolle prosequi against the protest of the district attorney, and this, the court had no power to do: People v. McLeod, 1 Hill 377; 25 Wend. 483; 37 Amer. Decis. 328; Thomason v. Demotte, 9 Abb. Pr. 243; 18 Howard Pr. 529.

[Paxson, J. You concede the power of the court to enter the stet if you had given your consent?]

Yes.

[Mercur, C. J. And that if the court below were to take off the stet, there would be no impediment to proceeding to trial and final judgment?]

There would be none, but the error is in tying up the district attorney's hands, as he cannot compel the court to undo what, we submit, the court had no power to do except with the consent of the prosecuting officer, who represents the executive. The action of the court, unrevoked, is equivalent to a pardon of the defendant.

*Jas. B. R. Streator* (*Aiken & Duncan* with him), for the defendant in error, moved to quash the writs of error, on the ground that there was no final judgment in the court below.

Chief Justice Mercur delivered the opinions of the court, October 29th 1883.

No. 83, October and November Term 1883.

It is very clear that there is no final judgment in this case. It is an issue between the Commonwealth and the defendant. As the record stands there is no verdict on which judgment has been or could be entered. The case has not been dismissed by the entry of a nolle prosequi. Although the prosecution has been suspended by the rather unusual act of ordering a stet to be entered, yet it is nevertheless in its legal effect a stay only. The case has not yet reached a final judgment. If the court erred in ordering this entry, it cannot be reviewed now on this writ of error. If it could be, we might have several writs of error on a single judgment by the same party in the same case. This cannot be. There must be a final judgment or something in the nature of a final judgment before it is ripe for review in this court. Chadwick v. Ober, 20 P. F. Smith, 264; Commonwealth v. Mitchell, 30 Id. 57.

[Moninger *v.* Ritner.]

After verdict and judgment thereon, then, and not till then, can the alleged error be reviewed here on writ of error.

As the writ of error was taken prematurely there is no final judgment to either reverse or affirm.

Writ quashed.

No. 84, OCTOBER and NOVEMBER Term 1883. This case has advanced a step nearer to final judgment than the other case, between the same parties, which we have just decided. It has however not yet reached the end necessary to precede a reviewing of the case here.

A verdict of guilty was rendered on an indictment containing seven counts. Judgment was arrested as to the fifth count, and a new trial granted on the remaining counts. At this stage of the case the stet was ordered. There the proceeding now rests. While the arrest of judgment on the one count might be a proper subject of review at the proper time, yet the time for such review on this writ of error has not yet arrived. For reasons given in the opinion just filed in the other case between the same parties, this case must meet the same fate.

Writ quashed.