# Commonwealth *v.* State Treasurer, Appellant ( No.1).

*Criminal law and procedure — Appeals — Interlocutory orders — Overruling demurrer and moti n to quash.*

An order of the court of quarter sessions, overruling a demurrer to an indictment and motion to quash the same, is an interlocutory order from which no appeal lies until after conviction and sentence.

*Courts—Supreme Court—Superior Court—Jurisdiction—Pending criminal cases—Certiorari.*

The Supreme Court has supervisory power over criminal cases pending in any court of the Commonwealth, whether determined or undetermined. That court has jurisdiction by writ of certiorari, to bring up the record in criminal cases at any stage of the proceedings, but the Superior Court has no such jurisdiction. Its jurisdiction is statutory and it has no power to determine what appeals it will or will not consider.

Argued December 12, 1922.   Appeal, No. 18, March T., 1923, by defendant, from order of Q. S. Dauphin Co., Sept. Sessions 1922, No. 243, overruling demurrers and motion to quash indictment in the case of Commonwealth of Pennsylvania v. Harmon M. Kephart.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Appeal quashed.

Indictment for failure to perform duties as state treasurer.   Before HARGEST, P. J.

The opinion of the Superior Court states the case.

The court overruled a demurrer to the indictment and a motion to quash the same.   Defendant appealed.

*Error assigned* was the order and judgment of the court, quoting it.

*John R. Geyer* and *William A. Glasgow, Jr.,* for appellant.—At common law an indictment for official misconduct did not lie against an administrative, executive or

judicial officer of the realm. Impeachment was the exclusive remedy: 2 Wharton's Criminal Law (9th ed.), sections 1568-1571; Bishop's Criminal Law, sections 915, 916; Throop on Public Officers, section 858; 4 Blackstone's Commentaries, section 120.

The Act of 1874, imposing the duties which it is charged were violated, contains a special penal provision for impeachment and removal and no other penalty. This is therefore the exclusive remedy: Rex v. Robinson, 2 Burr 800; Mairs v. B. & O. R. R. Co., 175 N. Y. 409; Com. v. Evans, 13 S. & R. 426; McIlhiney v. Com., 22 Pa. 365.

*George Ross Hull,* First Deputy Attorney General, and with him *George E. Alter,* Attorney General, and *Philip S. Moyer,* District Attorney, for appellee.—Misdemeanor in office was an indictable offense at common law: 1 Russell on Crimes; Sharswood's 9th Ed., 199, 200; Mechem on Public Officers, section 1022; South v. Maryland, 18 Howard 396; Respublica v. Burns, 1 Yeates 370; Pennsylvania v. Keffer, Addison, 290; Com. v. Reiter, 78 Pa. 161; Com. v. Johnson et al., 134 Pa. 635.

In Pennsylvania misdemeanor in office may be made the basis for impeachment, but the offender is nevertheless liable to indictment: Constitution of Pennsylvania, article II, section 1; article IV, section 1; article V, section 1; article VI, sections 1, 2 and 3; 1 Purdon, 138, 168, 173, 184.

OPINION BY PORTER, J., March 2, 1923:

The indictment charged that the appellant wilfully neglected and refused to perform the duties enjoined upon him as state treasurer, by the Act of May 9, 1874, P. L. 126. The defendant demurred to the indictment and filed a motion to quash the same. The court overruled the demurrer and the motion to quash and the defendant, without pleading to the indictment, thereupon

appealed and assigns for error the overruling of the demurrer and the motion to quash.

The appellant contends that, under the Act of 1874, impeachment is the exclusive remedy for misdemeanor in office of a state treasurer, and that the latter charge is not an indictable offense. This question has been fully and very ably argued by counsel for the appellant and the deputy attorney general. We are, however, met at the threshold of the case with the difficulty that the orders appealed from are interlocutory, and no appeal therefrom lies until after conviction and sentence. In case of an acquittal there will be no necessity for an appeal, nor could one be maintained. Chief Justice STERRETT said, in Petition of M. S. Quay, 189 Pa. 542: "The orders overruling the demurrers and refusing to quash are merely interlocutory, and no right of appeal therefrom, to any court, lies until after conviction and sentence." We held in Commonwealth v. Weber, 63 Pa. Superior Ct. 75, that there was no authority for an appeal to this court from the action of the quarter sessions in overruling a demurrer to an indictment, and we there said: "No appeal can be taken from a judgment or decree which is not a final disposition of the matter in controversy." This decision was cited with approval by the opinion of Mr. Justice SADLER in Miller Paper Co. v. Keystone C. & C. Co., 275 Pa. 44, which is the latest decision by the Supreme Court in which the question arose. The learned justice said, in the case last cited: "Unless there is some legislative mandate to the contrary, a review must await the determination of the suit, though inconvenience to a party may result." The opinion in that case cites the legislation which permits appeals from interlocutory orders of a nature specified, and consideration of that legislation leads to the conclusion that it was the legislative intention to expedite, rather than delay, the administration of justice. It is manifest that to permit appeals from interlocutory orders in criminal cases would result in delay. The defendant might then

appeal from an order refusing to quash the indictment, when that appeal was decided against him he might enter a special plea in bar and when that was decided against him take a second appeal, upon the failure of that appeal he might challenge the array of jurors summoned to try him and when the challenge was ruled against him again appeal and so on at every stage of the proceeding.

It is urged, however, that we have authority to entertain this appeal and in support of that proposition the appellant cites Com. v. Gabor, 209 Pa. 201. It is true that the Supreme Court did in that case consider an appeal from an order of the court below ordering a new trial, after a conviction of voluntary manslaughter. The defendant in that case asserted that he was entitled to an absolute discharge, upon the ground that having been once in jeopardy he could not be again tried. The Supreme Court considered the questions raised and affirmed the order for a new trial. The opinion of Chief Justice MITCHELL in that case distinctly recognized the rule that there could be no appeal from an interlocutory order until there was a final judgment, saying: "Ordinarily this would be so beyond question, but as the appellant claims to be entitled on the record to an absolute discharge, the order for another trial is so far in the nature of a final judgment that we think it best to consider and determine the appeal upon its merits." It thus appears that the Supreme Court exercised, in that case, the supervisory power over criminal cases pending in any court of the Commonwealth, whether determined or undetermined, of which it is unquestionably possessed. That court has jurisdiction by writ of certiorari to bring up the record in criminal cases at any stage of the proceedings: Com. v. Balph, 111 Pa. 365; Com. v. Delamater, 145 Pa. 210; Com. v. Smith, 185 Pa. 553, and Petition of Quay, supra. The Superior Court has no such jurisdiction; it has no discretion to determine what appeals it will or will not consider. It is possible that the legislature might confer

such discretionary jursidiction, but the court cannot usurp it. The jurisdiction of this court is statutory and the statutes have not conferred upon it jurisdiction to entertain this appeal.

The appeal is quashed and the record remitted to the court below for further proceedings.