Commonwealth *v.* Haimbach, Appellant.

Argued December 15, 1942.

Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Cecil P. Harvey*, with him *Walter Jones*, for appellant.

*Theodore L. Reimel*, Assistant District Attorney, with him *John H. Maurer*, District Attorney, for appellee.

OPINION BY HIRT, J., February 26, 1943:

Defendant was charged with fraudulent conversion in one indictment and with embezzlement in two others.

The charges were consolidated for trial before the same jury and defendant was convicted on all of them. He was sentenced only on bill No. 485 February Sessions 1942. Defendant has appealed from the judgment of sentence on that bill and also from the "recording of the verdict" in each of the other two cases, in which sentence was suspended. These latter appeals will be dismissed.

In general an appeal can be taken only after sentence. "After verdict and judgment thereon, then, and not till then, can the alleged error be reviewed here on writ of error": *Com. v. Ruth,* 104 Pa. 294; *Petition of M. S. Quay,* 189 Pa. 517, 542, 42 A. 199; *Com. v. Penrod,* 1 W. N. C. 65. In *Marsh v. Commonwealth,* 16 S. & R. 318, a writ of error was quashed when it appeared that the defendant though convicted, had not been sentenced. The Supreme Court said: "It is time enough to permit him to arrest the course of the criminal law, when he has shown that he has suffered actual injury." The Acts of June 24, 1895, P. L. 212, 17 PS 111, and May 19, 1897, P. L. 67, 12 PS 1133, make no provision for an appeal to this court in criminal cases except from a sentence or final judgment. *Com. v. Gates,* 98 Pa. Superior Ct. 591. Appeals from such orders have been quashed generally *(Com. v. Mellon,* 81 Pa. Superior Ct. 20) "in recognition of the well-established rule that final judgment in a criminal case means sentence. The sentence is the judgment": *Com. ex rel. Paige v. Smith,* 130 Pa. Superior Ct. 536, 198 A. 812. The rule is not inflexible and will yield in exceptional cases to safeguard basic human rights. *Com. v. Ragone,* 317 Pa. 113, 176 A. 454; *Com. v. Trunk,* 311 Pa. 555, 167 A. 333; *Com. v. Haines,* 130 Pa. Superior Ct. 196, 196 A. 621. But there is nothing in the present cases bringing them within an exception to the rule.

Bill 485 charged the defendant with the embezzlement of $1,184.38, the property of Philadelphia Dressed

Beef Company on April 26, 1941, while in its employ as a bookkeeper. On the trial defendant offered no evidence but submitted a point for a directed verdict of not guilty which was refused. After verdict defendant moved, both for a new trial and for the "discharge of the defendant," on the ground "that there is no evidence here which would sustain a conviction."

The Act of April 22, 1905, P. L. 286, did not extend the entry of judgment non obstante veredicto to criminal prosecutions. A defendant by presenting a point for binding instructions, questioning the sufficiency of the evidence to support a conviction, may put himself in position for a review of that question by excepting to the refusal to so charge. *Com. v. Jones,* 100 Pa. Superior Ct. 121. But the court cannot reserve that point and enter judgment for the defendant after verdict of guilty either on the point for binding instructions, or non obstante veredicto. The remedy in the court below if it concludes that error was committed in refusing to direct a verdict in favor of a defendant, is to grant a new trial. *Com. v. Heller,* 147 Pa. Superior Ct. 68, 24 A. 2d 460.

Defendant in this case is not entitled to a review of the sufficiency of the evidence, as a matter of right, for the reason that he withdrew his motion for a new trial in the court below. The legal effect of the withdrawal of that motion, in our opinion, was to restrict the scope of the motion to discharge the defendant to that of a motion to arrest the judgment. A motion in arrest of judgment, does not raise the question of the sufficiency of the evidence. The rule is that the judgment can be arrested only for cause appearing on the face of the record consisting of the indictment, the plea and issue and the verdict. *Com. v. Long,* 131 Pa. Superior Ct. 28, 198 A. 474; *Com. v. Routley,* 115 Pa. Superior Ct. 125, 174 A. 657. "No judgment should be arrested because of a perverse verdict, one contrary

to the instruction of the court, or a verdict not supported by competent evidence, or upon the ground that the court refused to give binding instructions to the jury": *Com. v. Bateman,* 92 Pa. Superior Ct. 53. No ground for arrest of judgment appears in this case and the request for a new trial having been withdrawn, the judgment must stand.

However, on the merits, we find evidence sufficient to support a conviction. Defendant was office manager for the company with the duty to keep the books and to take care of "the receivables and handle all the cash that came through the office." Starting with a balance sheet prepared by the defendant showing $3,587.18 cash on hand on December 31, 1939, an accountant prepared a statement from the books of the company showing a shortage in the cash on April 26, 1941, of $8,620.25. The accountant testified that in a discussion with defendant he admitted that there was a shortage but maintained that it was somewhat less in amount; he also admitted that he had taken some of it. There is testimony of another witness that defendant about May 1, 1941, told him that he was short about $6,000 in his accounts. In addition, there is testimony from which the jury could infer the embezzlement of specific amounts within the statutory period of two years prior to February 19, 1942, when the bill was found. Defendant, in March or April, 1941, drew two checks for $40 each payable to himself and cashed them at a time when no salary was due him. These checks were not entered in the check book or on the books of account of the company. For the week beginning April 26, 1941 there were seven items of accounts receivable from customers amounting in all to $231.88 marked as received but none of them appeared in the record of cash receipts of the company.

The date laid in the indictment is not controlling. A variation in proof as to time is immaterial where

time is not the essence of the offense. *Com. v. Powell,* 23 Pa. Superior Ct. 370. Any other time may be shown on the trial if it is prior to the finding of the indictment and within the period prescribed by the statute of limitations. *Com. v. Coleman,* 60 Pa. Superior Ct. 512; *Com. v. Bridges,* 82 Pa. Superior Ct. 92; *Com. v. Polin,* 140 Pa. Superior Ct. 18, 12 A. 2d 798. The fact that the proofs do not establish the embezzlement of the precise amount charged in the indictment also is unimportant. Proof of the felonious taking of money in an amount either greater or less than averred in the indictment will sustain a conviction. *Com. v. Dingman,* 26 Pa. Superior Ct. 615; *Com. v. Spear,* 73 Pa. Superior Ct. 205. And the circumstance that others may be chargeable with a part of the shortage found by the accountant does not tend to establish defendant's innocence. *Com. v. Winegrad,* 119 Pa. Superior Ct. 78, 180 A. 160. This possibility undoubtedly was taken into consideration by the court in imposing a light sentence.

The judgment on bill No. 485 February Sessions, 1942 is affirmed. The appeals in 484 and 486 February Sessions, 1942, are dismissed.