Commonwealth *v.* Wright, Appellant.

Argued November 14, 1955. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Paul C. VanDyke,* with him *Cochrane & VanDyke,* for appellant.

*Ernest L. Green,* Assistant District Attorney, with him *Joseph E. Pappano,* First Assistant District At-

torney, and *Raymond R. Start,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ARNOLD, January 3, 1956:

This appeal will have to be quashed. The defendant was indicted for fornication and bastardy. The prosecuting witness testified positively that the defendant had had intercourse with her and was the father of her child. The defendant did not testify, but introduced a written report of blood tests which, in the opinion of the doctors making the report, showed that the defendant could not be the father of her child. In spite of this evidence the jury convicted him. The court granted a new trial in the interest of justice, after which the defendant took an appeal, contending, in substance, that the blood test statements were conclusive, and that he was entitled to be discharged.

In the first place, the defendant could not be discharged of the charge of fornication. In addition, an appeal in a criminal case, with certain exceptions not important here, can be taken only after sentence.

In *Commonwealth v. Haimbach,* 151 Pa. Superior Ct. 581, 583, 30 A. 2d 653, the Court stated: "In general an appeal can be taken only after sentence. 'After verdict and judgment thereon, then, and not till then, can the alleged error be reviewed here on writ of error.': Com. v. Ruth, 104 Pa. 294; Petition of M. S. Quay, 189 Pa. 517, 542, 42 A. 199; Com. v. Penrod, 1 W.N.C. 65. In Marsh v. Commonwealth, 16 S. & R. 318, a writ of error was quashed when it appeared that the defendant though convicted, had not been sentenced. The Supreme Court said: 'It is time enough to permit him to arrest the course of the criminal law, when he has shown that he has suffered actual injury.' The Acts of June 24, 1895, P. L. 212, 17 PS 111, and May 19, 1897, P. L. 67, 12 PS 1133, make no provision for an

appeal to this court in criminal cases except from a sentence or final judgment. Com. v. Gates, 98 Pa. Superior Ct. 591. Appeals from such orders have been quashed generally (Com. v. Mellon, 81 Pa. Superior Ct. 20) 'in recognition of the well-established rule that final judgment in a criminal case means sentence. The sentence is the judgment': Com. ex rel. Paige v. Smith, 130 Pa. Superior Ct. 536, 198 A. 812. The rule is not inflexible and will yield in exceptional cases to safeguard basic human rights . . . [citing cases]. But there is nothing in the present cases bringing them within an exception to the rule."

Nor can the defendant, after the grant of a new trial, proceed on the theory that the court should have entered judgment for him.

In *Commonwealth v. Haimbach,* supra, at page 584, the Court stated: "On the trial [on charges of embezzlement] defendant offered no evidence but submitted a point for a directed verdict of not guilty which was refused. After verdict defendant moved, both for a new trial and for the 'discharge of the defendant,' on the ground 'that there is no evidence here which would sustain a conviction.' The Act of April 22, 1905, P. L. 286, did not extend the entry of judgment non obstante veredicto to criminal prosecutions. A defendant by presenting a point for binding instructions, questioning the sufficiency of the evidence to support a conviction, may put himself in position for a review of that question by excepting to the refusal to so charge. Com. v. Jones, 100 Pa. Superior Ct. 121. But the court cannot reserve that point and enter judgment for the defendant after verdict of guilty either on the point for binding instructions, or non obstante veredicto. *The remedy in the court below if it concludes that error was committed in refusing to direct a verdict in favor of a defendant, is to grant a new trial.* Com. v. Heller, 147

Pa. Superior Ct. 68, 24 A. 2d 460." (Italics supplied)
Under the Act of 1951, P. L. 585, 19 PS §871, the
defendant may make a motion in arrest of judgment
on the ground that the evidence was insufficient to sus-
tain the charge. But the sufficiency of the evidence
must be tested according to the Commonwealth's evi-
dence. This amply sustained the charge and the court
was without power to discharge the defendant.

Appeal quashed.