Commonwealth *v.* Pollick, Appellant.

Argued October 8, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

62

*James C. Evans,* with him *Evans, Ivory & Evans,* for appellant.

*Edwin J. Martin,* Assistant District Attorney, with him *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, January 17, 1966:

Genevieve Pollick was indicted for the crimes of forgery and fraudulently uttering a forged instrument. A jury trial followed on both charges. At the close of the Commonwealth's testimony, the defendant demurred to the evidence which was overruled. The defendant then rested, and filed a motion for a directed verdict which was likewise overruled. Both charges were submitted to the jury, which failed to agree upon a verdict and subsequently was discharged.

The defendant then filed a timely motion in the trial court pursuant to the Act of May 17, 1957, P. L. 149, §1, 19 P.S. §870, asking that she be discharged for the reason that the evidence of the Commonwealth at

trial was insufficient as a matter of law to sustain either crime. The motion was sustained as to the charge of forgery and overruled as to the charge of uttering. From this order, the defendant filed an appeal in the Superior Court which was quashed on the ground that it was interlocutory. We granted allocatur.

Is this order appealable?

It is established beyond argument that an interlocutory order is not appealable, unless expressly made so by statute: *Goldstein v. Stadler,* 417 Pa. 589, 208 A. 2d 850 (1965); *Commonwealth v. O'Brien,* 389 Pa., 109, 132 A. 2d 265 (1957); *Sullivan v. Philadelphia,* 378 Pa. 648, 107 A. 2d 854 (1954); and, *Petition of M. S. Quay,* 189 Pa. 517, 42 A. 199 (1899).

It is likewise well established that as a general rule the defendant in a criminal case may appeal only from the judgment of sentence: *Commonwealth v. Wright,* 383 Pa. 532, 119 A. 2d 492 (1956).[1] For example, a defendant may not appeal from an order overruling a demurrer to the Commonwealth's evidence: *Commonwealth v. State Treasurer (No. 1),* 80 Pa. Superior Ct. 315 (1923); nor from an order refusing to quash an indictment: *Commonwealth v. O'Brien,* supra; nor from an order denying a request to suppress evidence: *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A. 2d 304 (1963). As stated in the early case of *Marsh. v. Commonwealth,* 16 S. & R. 319 (1827), "[I]t is time enough to permit him to arrest the course of the criminal law, when he has suffered actual injury." The issue here, therefore, is whether or not the Act of 1957, supra, creates an exception to the established rule and permits a defendant to appeal from an order (which is

---

[1] This rule is not inflexible and will yield in exceptional cases of great public interest to safeguard basic human rights. See *Commonwealth v. Haimbach,* 151 Pa. Superior Ct. 581, 30 A. 2d 653 (1943), and *Commonwealth v. Kilgallen,* 175 Pa. Superior Ct. 52, 103 A. 2d 183 (1954). However, we are not here concerned with such "exceptional" circumstances.

patently interlocutory) refusing his discharge after motion filed under the act. We conclude it does not.

The Act of 1957, in pertinent part, provides as follows: "In all criminal prosecutions in this Commonwealth in which the jury is dismissed or discharged by the court without reaching a verdict recorded by the court on motion of the defendant that the evidence is insufficient to sustain the charge, the court shall discharge the defendant and dismiss the case if it decides that there is not sufficient evidence to sustain a conviction."

The act clearly does not expressly make an order entered on a motion filed pursuant thereto appealable. In fact, the word "appeal" is not mentioned. This is particularly significant when contrasted with the Act of April 20, 1911, P. L. 70, §1, 12 P.S. §684, whereby a party litigant is given the right to move for judgment on the whole record after a jury disagreement in civil cases, and wherein the right to appeal from an order on the motion is specifically and expressly granted.

It may be argued that the right to appeal exists by implication and, unless such right exists, the act serves no purpose. But this is not so. Under the law, prior to the Act of 1957, if the trial court erroneously overruled a motion for a directed verdict and submitted the issue to the jury, it could not subsequently order a discharge of the defendant, even though the evidence at trial was insufficient to warrant conviction. The only remedy open was to grant a new trial: *Commonwealth v. Wright*, supra, and *Commonwealth v. Heller*, 147 Pa. Superior Ct. 68, 24 A. 2d 460 (1942). Obviously, the purpose of the disputed section of the Act of 1957 was to correct such a situation.

Since the order appealed from is interlocutory and is not expressly made appealable by statute, the order of the Superior Court is affirmed.

Mr. Justice MUSMANNO dissents.