Commonwealth *v.* Lockhart, Appellant.

Submitted December 6, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Morris H. Wolff,* and *Stassen and Kostos,* for appellant.

*James T. Owens* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 24, 1972:

This is an appeal from the order of the post conviction hearing court. That court, after an extensive hearing on appellant's petition brought pursuant to the Post Conviction Hearing Act,[1] vacated the sentence originally imposed upon appellant by the trial court and "referred back" the case to the trial judge for resentencing. The post conviction hearing court denied appellant's other claims.[2] No new sentence has as yet been imposed on the appellant by the trial judge.

In this posture, the instant appeal was taken. While the order of the post conviction hearing court was a proper order within the meaning of Section 10 of the Post Conviction Hearing Act, the appealability to this Court of that order is to be determined pursuant to the provisions of the Appellate Court Jurisdiction Act.[3]

---

[1] The Act of January 25, 1966, P. L. (1965) 1580, §10, 19 P.S. 1180-10.

[2] The opinion of the post conviction court indicates that appellant's sentence was vacated because it had been predicated upon a prior conviction which was subsequently held to be constitutionally invalid.

[3] The Act of July 31, 1970, P. L. 673, No. 223, Art. I, 17 P.S. §211.101 et seq. It should be noted that Section 11 of the Post

Section 302 of the Appellate Court Jurisdiction Act provides that this Court shall have exclusive appellate jurisdiction of all appeals from "[f]inal orders of the courts of common pleas". Since the post conviction hearing court referred the instant record to the trial court for resentencing, and appellant has not been sentenced, no final order has been entered in this case from which an appeal would lie. As we stated in *Commonwealth v. Haimbach,* 151 Pa. Superior Ct. 581, 583, 30 A. 2d 653, 654 (1943), in a classic restatement of the law:

"In general an appeal can be taken only after sentence. 'After verdict and judgment thereon, then, and not till then, can the alleged error be reviewed here on writ of error.': Com. v. Ruth, 104 Pa. 294; Petition of M. S. Quay, 189 Pa. 517, 542, 42 A. 199; Com. v. Penrod, 1 W.N.C. 65. In Marsh v. Commonwealth, 16 S. & R. 318, a writ of error was quashed when it appeared that the defendant though convicted had not been sentenced. The Supreme Court said: 'It is time enough to permit him to arrest the course of the criminal law, when he has shown that he has suffered actual injury.' The Acts of June 24, 1895, P. L. 212, 17 P.S. 111, and May 19, 1897, P. L. 67, 12 P.S. 1133, make no provision for an appeal to this court in criminal cases except from a sentence or final judgment. Com. v. Gates, 98 Pa. Superior Ct. 591. Appeals from such orders have been quashed generally (Com. v. Mellon, 81 Pa. Superior Ct. 20) 'in recognition of the well-established rule that final judgment in a criminal case means sentence. The sentence is the judgment': Com. ex rel. Paige v. Smith, 130 Pa. Superior Ct. 536, 198

---

Conviction Hearing Act provided that a party aggrieved by an order under Section 10 of the Act may appeal such order. An appeal brought pursuant to Section 11 may, however, be interlocutory.

424

A. 812. The rule is not inflexible and will yield in exceptional cases to safeguard basic human rights. Com. v. Ragone, 317 Pa. 113, 176 A. 454; Com. v. Trunk, 311 Pa. 555, 167 A. 333; Com. v. Haines, 130 Pa. Superior Ct. 196, 196 A. 621. But there is nothing in the present cases bring them within an exception to the rule."

In the instant case there are no exceptional circumstances which warrant our hearing this appeal. Appellant is presently free on bail pending his resentence and the notes of testimony from the lengthy hearing below have not yet even been transcribed. Accordingly, this appeal is quashed as being interlocutory.