440 A.2d 544

**COMMONWEALTH of Pennsylvania,**

v.

**Michael VANWHY, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 6, 1981.

Filed Jan. 19, 1982.

Jeffrey G. Velander, Stroudsburg, for appellant.

James P. Gregor, Assistant District Attorney, Strouds-burg, for Commonwealth, appellee.

Before WICKERSHAM, McEWEN and POPOVICH, JJ.

WICKERSHAM, Judge:

Appellant, Michael Vanwhy, was charged in an information by the District Attorney of Monroe County that on or about November 8, 1980, he operated a 1974 motor vehicle while under the influence of alcohol. Further, that he operated said vehicle without having obtained a valid operator's license and further that he failed to stop his vehicle at the scene of an accident near Dunn's Tavern, East Strouds-burg, failed to render assistance to one Donald W. Middagh, Jr. and Brian Middagh, occupant of a vehicle operated by Donald W. Middagh, Jr., and failed to give his name, address and registration number all of which in violation of the Pennsylvania Motor Vehicle Code, 75 Pa.C.S.A. § 3731(a), § 1501(a), § 3742(a) and § 3744(a).

Thereafter, Michael Vanwhy, appellant, filed a pre-trial motion entitled "Petition for Writ of Habeas Corpus" challenging his arrest by an officer of the East Stroudsburg

Police Department and a hearing was held thereon before Senior Judge Arlington W. Williams on December 16, 1980 in the court house at Stroudsburg, with Raymond P. Kashimba, Esquire, public defender, appearing for Michael Vanwhy.

By order of court dated December 17, 1980, Senior Judge Williams denied and dismissed the "Petition for Habeas Corpus" and from such order Michael Vanwhy took the instant appeal to this court.[1]

In *Commonwealth v. Pollick*, 420 Pa. 61, 215 A.2d 904 (1966), Justice (later Chief Justice) Eagen wrote:

Is this order appealable?

It is established beyond argument that an interlocutory order is not appealable, unless expressly made so by statute: *Goldstein v. Stadler*, 417 Pa. 589, 208 A.2d 850 (1965); *Commonwealth v. O'Brien*, 389 Pa. 109, 132 A.2d 265 (1957); *Sullivan v. City and County of Philadelphia*, 378 Pa. 648, 107 A.2d 854 (1954); and, *Petition of Quay*, 189 Pa. 517, 42 A. 199 (1899).

It is likewise well established that as a general rule the defendant in a criminal case may appeal only from the judgment of sentence: *Commonwealth v. Wright*, 383 Pa. 532, 119 A.2d 492 (1956).[1] For example, a defendant may not appeal from an order overruling a demurrer to the Commonwealth's evidence: *Commonwealth v. Kephart*, State Treasurer (No. 1), 80 Pa.Super. 315 (1923); nor from an order refusing to quash an indictment: *Commonwealth v. O'Brien*, supra; nor from an order denying a request to suppress evidence: *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304 (1963). As stated in the early case of *Marsh v. Commonwealth*, 16 S. & R. 318 (1827). '[I]t is time enough to permit him to arrest the course of the criminal law, when he has suffered actual injury.' The issue here,

1. Jeffrey G. Velander, public defender, on behalf of Michael Vanwhy appellant poses the question before us as follows:

1. Did the Honorable Trial Court err in failing to grant Appellant's Petition for Writ of Habeas Corpus, where the Police Officer who arrested Appellant did so beyond the boundaries of his jurisdiction?

therefore, is whether or not the Act of 1957, supra, creates an exception to the established rule and permits a defendant to appeal from an order (which is patently interlocutory) refusing his discharge after motion filed under the act. We conclude it does not.

[1] This rule is not inflexible and will yield in exceptional cases of great public interest to safeguard basic human rights. See, *Commonwealth v. Haimbach*, 151 Pa.Super. 581, 30 A.2d 653 (1943), and *Commonwealth v. Kilgallen*, 175 Pa.Super. 52, 103 A.2d 183 (1954). However, we are not here concerned with such 'exceptional' circumstances.

*Id.*, 420 Pa. at 63, 215 A.2d at 905–6.

We are not here concerned with exceptional circumstances and we are clearly involved here with an interlocutory order which is not appealable. The appeal is quashed and the record remanded to Monroe County for trial.

Appeal quashed.