440 A.2d 633

**COMMONWEALTH of Pennsylvania,**

v.

**Clarence BILLETT, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1980.

Filed Jan. 29, 1982.

Claude V. Falkenhan, Zelienople, for appellant.

Howard C. Klebe, Assistant District Attorney, New Castle, for Commonwealth, appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

PER CURIAM:

Clarence Billett, appellant herein, entered a plea of guilty in January 1977 on thirteen counts of forgery and was sentenced on February 15, 1977 to a term of imprisonment of not less than three and one-half nor more than seven years, and other lesser concurrent sentences.

On direct appeal, he challenged the voluntariness of his guilty plea without having first filed a petition with the lower court to withdraw that plea as required by *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975). A review of the record showed, however, that there were no warnings given to appellant of the consequences on appeal of his failure to file a petition to withdraw his guilty plea prior to challenging its validity. In an opinion per curiam, dated December 28, 1978, we vacated the judgment of

sentence and remanded the case for the filing of a petition *nunc pro tunc.*

The lower court then set a hearing for August 13, 1979 on appellant's application for leave to withdraw his plea of guilty. On August 10, 1979, defendant moved to continue the hearing and his motion was denied and he has taken an appeal back to our court from the denial of his motion to continue the hearing. Obviously, the appeal is interlocutory and will be quashed.[1]

Appeal quashed.

1. In *Commonwealth v. Pollick*, 420 Pa. 61, 215 A.2d 904 (1966), Justice (later Chief Justice) Eagen wrote:

Is this order appealable?

It is established beyond argument that an interlocutory order is not appealable, unless expressly made so by statute: *Goldstein v. Stadler*, 417 Pa. 589, 208 A.2d 850 (1965); *Commonwealth v. O'Brien*, 389 Pa. 109, 132 A.2d 265 (1957); *Sullivan v. City and County of Philadelphia*, 378 Pa. 648, 107 A.2d 854 (1954); and, *Petition of quay*, 189 Pa. 517, 42 A. 199 (1899).

It is likewise well established that as a general rule the defendant in a criminal case may appeal only from the judgment of sentence: *Commonwealth v. Wright*, 383 Pa. 532, 119 A.2d 492 (1956).[1] For example, a defendant may not appeal from an order overruling a demurrer to the Commonwealth's evidence: *Commonwealth v. Kephart, State Treasurer* (No. 1), 80 Pa.Super. 315 (1923); nor from an order refusing to quash an indictment: *Commonwealth v. O'Brien*, supra; nor from an order denying a request to suppress evidence: *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304 (1963). As stated in the early case of *Marsh v. Commonwealth*, 16 S. & R. 318 (1827), '[I]t is time enough to permit him to arrest the course of the criminal law, when he has suffered actual injury.' The issue here, therefore, is whether or not the Act of 1957, supra, creates an exception to the established rule and permits a defendant to appeal from an order (which is patently interlocutory) refusing his discharge after motion filed under the act. We conclude it does not.

[1] This rule is not inflexible and will yield in exceptional cases of great public interest to safeguard basic human rights. See, *Commonwealth v. Haimbach*, 151 Pa.Super. 581, 30 A.2d 653 (1943), and *Commonwealth v. Kilgallen*, 175 Pa.Super. 52, 103 A.2d 183 (1954). However, we are not here concerned with such 'exceptional' circumstances.

*Id.*, 420 Pa. at 63, 215 A.2d at 905–6.