## Commonwealth v. Runkle

*John D. Flinchbaugh, assistant district attorney,* for the commonwealth.
*Barbara Lee Krier,* for defendant.

UHLER, *J.,* June 29, 1990 — Before the court is an omnibus pretrial application of James Anthony Runkle to dismiss the pending driving under the influence charge, on grounds of double jeopardy pursuant to Article 1, section 10 of the Pennsylvania Constitution; the Fifth Amendment of the United States Constitution, as applied to the states through the 14th Amendment; and 18 Pa C.S. §§109-110, or in the alternative, estoppel.

The underlying facts are that defendant, James A. Runkle, on February 4, 1990, was operating a tractor-trailer on Route 30. The tractor-trailer struck a building in Abbottstown Borough, Adams County, Commonwealth of Pennsylvania, and continued in its eastward path into York County. The top portion of the trailer was lodged in the Abbottstown building as a result of the accident. The damaged tractor-trailer operated by defendant left a trail of debris, consisting of the trailer cargo, until he was brought to a stop in Jackson Township, York County, Pa. Based upon investigation, the Jackson Township officer immediately determined that charges of driving under the influence and two summary offenses relating to the trailer's condition were warranted. The Pennsylvania State Police stationed at Gettysburg, Adams County, Pa., likewise charged defendant with driving under the influence, and the summary offenses of driving at an unsafe speed,

failure to stop, and that defendant left the accident scene and failed to report the same.

Factually, the commonwealth does not challenge that Runkle's eastward movement, undoubtedly precipitated by his unsober condition, charioted him from the collision site at the Adams County building to his debris-strewn travel and stop in Jackson Township, York County. There is no evidence suggesting Runkle came to a stop in Adams County. The flow of Runkle's action compels the court to conclude the incident was a single criminal episode.

Notwithstanding the contemporaneous filing times, the Adams County case relating to Runkle, was the first to be disposed of by way of the pretrial diversionary ARD program as recommended by the district attorney of Adams County. Runkle further plead guilty to the summary offenses filed in Adams County.

In York County, Runkle plead guilty to the York County summary offenses; however the within omnibus pretrial motion seeks dismissal of the local DUI charge by reason of the Adams County ARD disposition. It is further stipulated as of the date of the application Runkle has not completed the ARD conditions imposed by Adams County.

While it is likely that similar cases would have been encountered within the court system on the numerous occasions wherein a DUI offender must have traveled from one county to another and prosecution was sought in both, the court's research indicates the same is one of first impression.

Having found the incident in Adams and York counties was of the same criminal episode, it is further obvious that the offense of driving under the influence charged in both Adams and York counties is the same statutory provision. Consequently, the York County court has before it an undisposed charge of DUI challenged on a double-jeopardy

basis or estoppel by reason of the prior Adams County ARD disposition of the same charges arising out of the same criminal episode.

The court notes at the outset, that under common law, all criminal offenses were said to be committed against the "peace of the county" which historically resulted in focus upon jurisdictional boundaries since the subject matter of jurisdiction of a criminal act extended to offenses committed within the county. *Commonwealth v. Simione*, 222 Pa. Super. 376, 294 A.2d 921 (1972), followed by *Commonwealth v. Nicholson*, 294 Pa. Super. 435, 440 A.2d 545 (1982).

The concept of "county" or "dual" sovereignty has eroded, however, with the adoption by the legislature of the Judicial Code, Act of July 9, 1976, P.L. 586, no. 142, implementing section 1 of Article V of the Constitution of Pennsylvania providing for a unified judicial system, 42 Pa.C.S. §301. It has been held that the 67 courts of common pleas of this commonwealth represent a single sovereignty for double-jeopardy purposes; thus barring the separate prosecution of an accused with the same criminal charge for a single criminal act. *Commonwealth v. Downs*, 334 Pa. Super. 568, 483 A.2d 884 (1984).

Since the underlying offense charged was part of the same criminal episode and resulted in the same misdemeanor charge filed in both Adams and York counties, the court finds, given the commonality of the charge, that the ARD acceptance by the Adams County court operates as an automatic deferral of any actions sought to be pursued in the York County court by reason of the Pennsylvania Rules of Criminal Procedure. See rules 180 and 181.

In light of the foregoing, the court finds that if the defendant either successfully completes the ARD disposition resulting in dismissal of the DUI charge, or violates the ARD conditions resulting in disposi-

tion by trial or pleas in Adams County, the commonwealth in York County would be estopped from pursuing the local DUI charge at issue. *Commonwealth v. McSorley*, 535 Pa. Super. 522, 483 A.2d 15 (1984).

Only in the unlikely event (since the initial accident site and principle property damages occurred in Adams County) of non pros without disposition of the DUI charge in Adams County, would the York County court be in a position to proceed with the within DUI charges now before it.

## ORDER

And now, June 29, 1990, upon consideration of the within motion, it is ordered:

That the motion to dismiss on grounds of "double jeopardy" of the within DUI charge is denied without prejudice to resubmission in the event of successful completion by defendant of the Adams County Accelerated Rehabilitative Program or disposition other than a non pros of the Adams County DUI offense; at which time the same shall be granted, and that all proceedings on the within DUI charges are stayed or deferred pursuant to rules 180 and 181 of the Pennsylvania Rules of Criminal Procedure as a result of the Adams County proceeding, with time thereunder charged to defendant under rule 1100.